Pearson, J.
 

 The plaintiff as administrator, having reserved the right to recover any further amount, that might be due, and having refused, in that capacity, to acquiesce in the settled account, is entitled to an account of the whole estate. But the plaintiff Costin, having, in right of his wife, made a settlemet, executed an acquittance, and received the balanoe in 1842, as to all amounts received by the defendant at that time, is concluded, andean only have a reference to ascertain, what sums, if any, have since come to the hands of the defendant, or what sums the defendant ought since that time to have collected, with which he was not charged in the settlement of 1842.
 

 When an “account settled” is relied on, by way of plea oi* answer to a bill for an account, it is conclusive, unless
 
 *199
 
 ihe plaintiff can allege and prove some fraud or mistake* for, otherwise, he has already had that, which he asks by his bill, having made a settlement and thereby perhaps induced the other party to destroy or surrender his
 
 vouchers.
 
 “It would be most mischievous to allow the
 
 settled account
 
 to be set aside, unless from urgent reasons.”
 
 Mebane
 
 v.
 
 Mebane,
 
 1 Ire. Eq. 403.
 
 Story’s
 
 Eq. 1 vol. 590. Jn this case the plaintiffs allege no particular fraud or mistake, but, in sweeping generalities, “total misapprehension of the facts, acquired from the defendant,and utter ignorance of their rights.” This renders the bill partly defective, for the want of proper allegations, and it is equally defective, as to the proof of any fraud or mistake.
 

 Per Curiam.
 

 Decree accordingly.