C. N. McADOO and others *v.* WILLIAM M. THOMPSON and wife, and others.

A judgment against an administrator, fixing him with assets, and which judgment he has paid, is no bar to an account of assets subsequently received and not accounted for.

This was a CREDITOR'S BILL, heard before *Tourgee, J.,* at Spring Term, 1874, GUILFORD Superior Court.

The bill was filed by the plaintiffs against the administrators and heirs of one Samuel Coble deceased to subject the real estate of the decedent or a portion thereof to sale, for the purpose of paying the debts of the plaintiffs.

When the case was called for trial, those of the defendants who were heirs of the deceased, moved for an order of reference to take an account of the administration of the defendants, David and W. A. Coble, the administrators of the deceased.

This motion was resisted upon the ground that a suit had been brought in the Superior Court of Guilford county, by all the next of kin of the deceased, who are also his heirs at law and defendants in this action, in which a reference had been made to a commissioner, an account stated, and a judgment rendered against the administrators. That said judgment had been satisfied, and the administrators insisted that the other defendants in this case, the heirs at law, were concluded by said report and judgment, and estopped from denying that said administrators had fully administered on said estate.

The Court held that the heirs at law were entitled to the reference, and ordered that the case be referred to the Clerk to take an account.

The administrator excepted to the ruling of the Court:

1. Because said reference was unnecessary.

2. That the Court erred in making said order.

Notice of appeal waived, bond filed.

*Collins, Scott & Caldwell,* for appellant.
*Scales and Scales, Dillard & Gilmer,* and *Morehead,* contra.

BYNUM, J.   The defendants do not deny that the plaintiffs are creditors of the estate, but the answers raise issues between the two sets of defendants, which should be settled before the rights of the plaintiffs are determined.   The administrators in their answer, allege that the next of kin sued them upon their administration bond, for the settlement of the estate and the payment of their distributive shares of the estate ; that in said action, an account was taken of the whole estate and of their administration ; a final judgment rendered against them in favor of the next of kin, which they have paid in full; they therefore claim that the plaintiffs should resort to the land descended to these next of kin, who are the heirs at law of the intestate.

The next of kin in their answer, claim in a vague and general way, that errors were committed in said settlement, and that provision was therein made for the payment, by the administrators of these outstanding debts.   The answer, by way of counter claim, or in any other respect, is wholly insufficient as an action to surcharge and falsify the account and judgment referred to, because the grounds of error are not set forth with the specific, definite and positive certainty required by the rules of equity, so that issues can be made upon them.   1 Ired. Eq. 403, 2 Dev. Eq. 93.   But the answer does allege positively, that since the said judgment was rendered, the administrators have received other assets of the estate, more than sufficient to pay these debts, and this allegation does not appear to be denied by the administrators, but they rely on the bar to further enquiry, which they claim as the effect of the judgment.   Unquestionably this judgment is no bar to an account of assets subsequently received and not accounted for.   The next of kin are therefore entitled to this account, but in taking it, the referee will be confined to an account of assets received since the former account was taken.   All the defendants in their an-

swer, claim that these plaintiffs, before this action was begun, had released their said debts to the administrators. If this is so, that release enured to the benefit of the next of kin and heirs at law; but as it is not set forth and pleaded sufficiently, this Court cannot pass upon its legal effect. In taking the account, the referee should give the defendants such benefit of the release, if there is one, as they may in law be entitled to. With these limitations, the judgment of the Superior Court must be affirmed.

PER CURIAM.                    Judgment affirmed.