## C. C. VEST v. J. W. COOPER and others.

In an action by a sheriff against one of his deputies and the sureties on his bond, for not collecting and paying over the taxes as he was required by the condition of said bond, *it was not error*, to charge such deputy with the whole of the tax lists, leaving the burden of a discharge therefrom, upon himself.

When an accountant sets out in his account that the defendant is entitled to a discharge for certain amounts, he is to be taken as finding the facts necessary to support the particular item of discharge.

When an accountant reports that a certain sum was paid to the Public Treasurer as State tax, by a person other than the deputy, who took the Treasurer's receipt in the usual form, as paid by the sheriff, but such accountant does not find and report what part of said State tax was paid by the deputy; in the absence of such finding either directly, or by giving the deputy credit by way of discharge for the amount of State tax collected and paid over by him, this Court cannot dispose of the case by finally passing upon the account reported, but will remand the same, in order that that, and similar facts may be found and reported.

This was a CIVIL ACTION, on a bond given by a deputy to his principal, tried before his Honor, Judge CANNON, upon

exceptions to the report of a referee, at Spring Term, 1875, of CHEROKEE Superior Court.

The plaintiff was Sheriff of Cherokee County in 1868, and in August, of that year, appointed one J. W. C. Piercy his deputy, taking from him a bond in the penal sum of $8,000, with the defendants as sureties. The condition of the bond was: "That the said J. W. C. Piercy collect the tax, both State and county, for the year 1868, and pay the same to the said C. C. Vest, Sheriff as aforesaid, and well and truly perform his said duties as deputy sheriff," &c It was for an alleged breach of this condition by Piercy, who is dead, and was at the bringing of the suit, that this action is brought against his sureties.

The plaintiff alleges, that he placed the tax lists, State and county, in the hands of Piercy, who failed to collect and pay over the taxes therein levied ; and that he also collected an account, placed in his hands for collection, and failed to pay the money to the person entitled, thereby rendering the plaintiff liable as sheriff therefor. Other breaches were assigned, not necessary to be set out in this connection. Plaintiff alleging that he had made a demand on the defendants, demanded judgment, &c.

The defendants denied all the allegations of the complaint, urging particularly that no demand had been made on them, before suit was brought.

At Spring Term, 1873, the case was referred to S. W. Davidson, Esq., " to report the account and the evidence to the next Term of the Court." At a subsequent Term, the referee reported, in substance, that the defendants were properly chargeable with the tax lists of 1868, aggregating to $4,746.25 ; and was further responsible for $17, the amount of the account placed in his hands for collection. That they were entitled to sundry credits for the amount paid by Piercy to the County Treasurer before his death, the amount

of insolvents, and the taxes collected by Vest himself, amounting in all to the sum of $4,583.96, leaving a balance due the plaintiff of $179.29, for which he is entitled to judgment.

The defendants filed exceptions to the report, the material of which are fully noted in the opinion of the Chief Justice, and need not be here stated. Upon the hearing, his Honor overruled the exceptions, and gave judgment against the defendants according to report.

· From this judgment, defendants appealed.

*Merrimon, Fuller & Ashe,* and *Smith & Strong,* for appellants. *Battle & Mordecai,* contra.

PEARSON, C. J. 1. We concur in the view taken by the accountant, and sustained by his Honor—that as Piercy was in default by reason of not collecting and paying over the taxes, as prescribed by law, he was to be charged with the tax list, and that the burthen of discharge was on him. The defendants' exception respecting this question is overruled.

2. We are of opinion that when an accountant sets out in his account that the defendant is entitled to discharge for certain amounts, he is to be taken as finding the facts necessary to support the item of discharge. For illustration, when the accountant enters an item of discharge, " Amount paid J. W. C. Piercy, $2,817.77," he finds the fact that Piercy had discharged his liability to that amount. So the item, " Insolvents for 1868, $285," is a finding of the fact that the tax list was to be credited with that sum on the ground that in point of fact it had been proven that the insolvents took off that amount from the tax list. So as to the other items, the exceptions in these respects are overruled.

But the account is imperfect and unsatisfactory in respect

to the State tax. Hundsa paid the State tax, $988, to the Public Treasurer and took his receipt in the usual form for that sum paid by the sheriff. This is the exhibit marked B, which is not among the papers, but that seems to be immaterial, for the question was, What part of this sum was paid by Piercy? This fact ought to have been found by the accountant, and in the absence of such finding, either directly or by giving credit by way of discharge for " amount paid by Piercy in part of State tax," we are not able to dispose of the case.

So we see from the statement of the accountant that he gives credit for commissions on collections $545.72, $27.28, but he does not give any credit for commissions on the amount $2,817.77 paid by Piercy to the County Treasurer. The reason for failing to allow these commissions and the facts on which the accountant acted, are not found.

The case will be remanded, to the end that the accountant find the facts in these particulars and that his Honor may then proceed with the case agreeable to law.

PER CURIAM.                    Judgment accordingly.