THE COMMISSIONERS OF GREENE v. WILLIAM J. TAYLOR and others.

*Sheriff—Official Bond—Settlement of Taxes—Fraud.*

1. The bond of a Sheriff, conditioned for the due collection of taxes during *his continuance in office,* is liable for taxes collected by him upon a tax list which had been in the hands of his predecessor in office.

2. Where a Sheriff had rendered an account of the taxes collected by him in a settlement with the County Treasurer, which account was not itemized; *Held,* in an action upon his bond, that it was not necessary for the complaint to *specify* any errors in such settlement.

3. Such settlement can be re-opened for *fraud,* and when a public officer renders an account which is not true, it is *prima facie* fraudulent.

CIVIL ACTION for Breach of Official Bond tried at Spring Term, 1877, of GREENE Superior Court, before *Moore, J.*

This action was brought on the bond of defendant, Taylor, as Sheriff of Greene County. The plaintiffs alleged that Taylor was elected Sheriff in 1869, for the term of one year,

and executed a bond with the other defendants as sureties on the 13th of August, 1869; that said Sheriff collected a large amount of taxes and failed to pay over or account for a part thereof, viz: one thousand dollars; that a committee was appointed by the plaintiffs to examine and report on the accounts of Taylor for the fiscal year of 1869; that the report submitted by said committee did not itemize the account, and that the plaintiffs are unable to specify the errors therein; but they are informed and believe that the error in the report was in not charging Taylor with the unlisted taxes, and in allowing him the insolvent taxes in an order on the County Treasurer for the same. The defendants in their answer alleged that Taylor had paid over and accounted for said taxes and had receipts in full from the Treasurer. Upon the hearing His Honor was of opinion: (1.) That the bond sued on in this case is not responsible for the taxes of 1869; and (2) That the plaintiffs in their complaint failed to allege such specific error in the report of the committee of settlement for 1869, as is contemplated by Bat. Rev. ch. 102, § 40. Thereupon the plaintiffs submitted to a nonsuit and appealed.

*Mr. H. F. Grainger*, for plaintiffs.
*Mr. W. N. H. Smith*, for defendants.

READE, J. The defendant Sheriff was duly elected Sheriff on the 7th of August, 1869, for the term of one year, and gave bond with the other defendants as his sureties, conditioned that he would collect and pay over the County and school tax during his continuance in office.

It is not explained in the case why the election was for one year instead of for the usual term, but no point was made as to any irregularity in the election, if there was any, and therefore we give no consideration to it; nor was any point made as to any irregularity in the bond; nor indeed

would such an objection have availed anything so far as we can see under our statute for curing defects and irregularities in official bonds.   Bat. Rev., ch. 81, § 16.

But His Honor was of the opinion that the plaintiff could not maintain the action " because the bond sued on is not responsible for the taxes of 1869." We do not agree with His Honor. The bond by its precise terms is liable for all the taxes "during his continuance in office." It does not matter, therefore, whether he collected taxes in 1869, or in 1870, or in both ; his bond covers them. We suppose that the idea was that the tax list for 1869 was in the hands of his predecessor and that he, if living, or his administrator if he was dead, was entitled to collect the tax list for 1869. That may be so ; but still if the defendant did in fact collect them, then the bond covers them, and it is not for him or his sureties to say that they are not liable for them. It is their covenant that they will pay all that he collects during his continuance in office.

His Honor further held that the action could not be maintained because the plaintiff had not "specified" any error in the amount of the taxes as settled by the Sheriff with the County Treasurer, and approved by the Board of Commissioners, as provided for in Bat. Rev. ch. 102, § 40. How could the plaintiff *specify* anything ? The defendant took care that there should be no opportunity to specify. He did not *itemize* his account. He simply said that he had collected so much, and had paid it over to the Treasurer. And of course all that the plaintiff could do was to say generally, " You have collected more than that." And although it is true, both outside of the statute and under it, that in order to surcharge and falsify an account you must specify the items, yet that is only true where there are items to specify, and here there were none. And furthermore the statute provides for opening the settlement, not only where you can specify errors, but where there is "fraud." And where a

public officer renders his account and does not render a true one, that is *prima facie* fraud. And if he is squeamish about a revision of his accounts, it might be well enough to try what virtue there is on the criminal side of the Court. It sounds badly and smacks of corruption when public officers are unwilling to open their accounts to a fair inspection; and it is just as bad where their sureties encourage them in it.

But the plaintiffs say, that although they cannot specify accurately because the amount is not itemized, yet they are informed and believe that the errors were in not charging the Sheriff with the unlisted taxes and in allowing him insolvent taxes, and also an order given on the Treasurer for said taxes;—that is to say, that the Commissioners had allowed him those taxes and given him an order on the Treasurer, which he had credit for, and that in his final account he claimed credit a second time. Now this would seem to be quite specific, and if true, quite fraudulent. The plaintiff ought to have been allowed to show whether the allegation was true.

There is error.

PER CURIAM.                        *Venire de novo.*