D. D. SUTTLE, Sheriff, v. M. W. DOGGETT and others.

*Account and Settlement—Contract—Fraud.*

An account stated and settlement made between parties, (here a county and its tax collector—Bat. Rev., ch. 102, § 40,) have the force of a contract, and operate as a bar to a subsequent accounting, except upon a *specific* allegation of fraud or mistake.

(*Mebane* v. *Mebane,* 1 Ired. Eq., 403; *McAdoo* v. *Thompson,* 72 N. C., 408; *Witherspoon* v. *Carmichael,* 6 Ired. Eq., 143; *Com'rs* v. *Taylor,* 77 N. C., 404; *Harrison* v. *Bradley,* 5 Ired. Eq., 136, cited and approved.)

CIVIL ACTION tried at Spring Term, 1882, of CLEAVELAND Superior Court, before *Eure, J.*

This action, begun on the 31st day of March, 1882, is brought by the plaintiff, as sheriff and treasurer of Cleaveland county, against the defendant Doggett, as tax collector for said county, and the other defendants, as the sureties on his official bond, given as such.

After alleging the appointment of said Doggett to said office for the year 1876, and the execution of the bond, the complaint proceeds to state that a settlement was had between the said defendant and a committee approved by the board of commissioners, on the 17th day of April, 1878, and another on the 26th day of the same month, but that the same was erroneous, and failed to charge him with the full amount due; so that, there still remains due to the county the sum of three hundred dollars more or less, which sum has been demanded of him, and he refuses to pay the same; and that said settlements were made on statements given by the said Doggett, mistaken in fact and fraudulent, but that the plaintiff is unable to point to any specific error for the reason that the vouchers are all in the hands of the said defendant.

Thereupon the plaintiff demands judgment for the sum of forty thousand dollars—that being the amount of the

bond given—to be discharged upon the payment of such sum as may be found to be due upon taking another account.

The defendants admit the appointment of Doggett as tax collector and the execution of the bond, and also that the settlement took place between him and the commissioners, as alleged in the complaint, and they aver that it contained a full and true statement and exhibit by him of every item with which he was properly chargeable, and that they were all carefully examined and passed upon by the committee and ratified by the commissioners, and the same entered of record in the minutes of their proceedings, a transcript of which, they say, is annexed to their answer and pray to be taken as a part thereof.

They further allege that the defendant Doggett fully discharged the amount so ascertained to be due and obtained a receipt therefor, and they plead such settlement and payment in bar of the plaintiff's right to have another account of the same matters.

When the case was called for trial and after the jury had been impanelled, the court upon hearing the complaint and answer expressed the opinion that the plaintiff could not maintain his action, and in deference thereto he submitted to a non-suit and appealed.

*Messrs. Hoke & Hoke,* for plaintiff.
*Messrs. Bynum & Grier,* for defendants.

RUFFIN, J. Every intendment that can be fairly made, should be made in support of the judge's ruling. Therefore, though no copy of the account, alleged to have been stated between the parties, is sent with the transcript to this court, we still infer from the statement contained in the answer that it was in fact annexed to the answer, and showed the account to have been itemized; or else,

that the plaintiff accepted as true the statement that such a settlement had been made and appeared of record on the books kept by the board of commissioners, and was willing that His Honor should upon that footing determine the question, whether the settlement so made and recorded was as a bar to the plaintiffs' right to have another account, upon such allegations of fraud and mistake as are made in his complaint.

Viewing the case in this light, this court can feel no sort of hesitation in giving its concurrence to the ruling of His Honor. The statute (Bat. Rev., ch. 102 § 40) provides for the appointment at the end of each and every year of a committee, whose duty it shall be to audit and settle the accounts of all officers authorized to receive and disburse the county funds, and that the accounts so audited shall be reported to the county commissioners, and when approved by them, shall be filed with their clerk, and recorded in his book, and shall be *prima facie* evidence of their correctness, and be impeachable only for *fraud or specified error.*

To hold that the presumption thus created in favor of such settlements can be removed, and the accounts reopened upon allegations so loose and general in their nature as those contained in plaintiff's complaint, would be to discard the statute altogether, and really to put parties in a worse condition than they would be without it.

Independently of any enactment, the well established principle of a court of equity is, that an account once settled is conclusive, unless assailed for fraud or mistake; and in order thus to assail it, the complaint must not simply insinuate fraud, but must charge it, and aver the particulars with such definite certainty as that issues may be raised in regard to them. *Mebane* v. *Mebane,* 1 Ired. Eq., 403; *McAdoo* v. *Thompson,* 72 N. C., 408; *Witherspoon* v. *Carmichael,* 6 Ired. Eq., 143.

When to this principle governing courts of equity, we have

added, a positive declaration of the legislature that accounts taken and evidenced as this was should be deemed correct unless impeached for fraud or *specified* error, it would seem to put the matter beyond question, and to require clear, distinct and specific assignments of error in order to open the way for another accounting.

The distinction between this case and *Commissioners* v. *Taylor*, 77 N. C., 404, is, that there, there had been no accounting—that is, no itemized statement of the account, and consequently there was nothing to surcharge and falsify. The plaintiff admits that there has been an account of some sort taken between the defendant and the committee on the part of the county commissioners, and it is impossible for him to know of the existence of any error therein, however originating, without his being able to point to it with more certainty and precision than he has done; and a mere fishing suit is exactly what the statute is intended to avoid.

As said in *Harrison* v. *Bradley*, 5 Ired. Eq., 136, cited before at this term in *Grant* v. *Bell, ante,* 34, a settlement is a contract, and like all other contracts ought to be binding on the parties. And there can be no good reason why there should be one law for settlements for which the public is a party, and a different one for those between private individuals. If fairly made, they should be binding on all alike; or if made after full investigation, it should require something more definite than a mere suggestion of fraud or mistake to set them aside and put the parties at sea again.

There is no error in the judgment of the court below, and the same is affirmed.

No error.                                    Affirmed.