The referee found as a conclusion of law that the defendant James C. Wall and his sureties are liable for the sum above found due, to-wit, $1,199.50, and the plaintiff is entitled to recover of defendants the said amount.
The defendants excepted to the report of the referee, as follows:
"1. The defendant thought, and so understood, that this case was referred to the Board of County Commissioners to settle an account with defendant, and allow him his insolvents and other just credits and report what balance due, if any.
"2. That, if defendant were allowed credits for the insolvents and other just credits, the amount claimed by plaintiff would be reduced by several hundred dollars. *Page 259 
"3. That defendant is entitled to have his insolvents and other just credits allowed before any judgment against him and his (379) sureties.
"Wherefore defendants ask that this case be recommitted to the Board of Commissioners of Stokes County, to settle with defendant Wall and allow him his just credits and insolvents, and report what balance due, if any."
The affidavit of the defendant Wall was as follows:
"1. That he was Sheriff of Stokes County during the years of 1891 and 1892, with other defendants as his sureties on his several official bonds.
"2. That on 11 April, 1894, the Board of Commissioners of Stokes County and the Board of Education of Stokes County, through their counsel, Stack 
Bickett, sued the defendant Wall and his sureties on his official bonds for taxes (general and school) which he had failed to collect and account for. That at Fall Term of this court the cases were referred for settlement and report what due, if anything. That instead of their being referred to the Board of Commissioners of Stokes County, where his just credits and insolvents could be allowed, he is informed that the order was drawn by Mr. Bickett, counsel for plaintiff, referring the cases to J. W. Neil, the chairman of the board, which he thinks was a mistake on the part of Mr. Bickett.
"That on ____ August, 1894, and after the commencement of these said actions, Davie Whittle, a fertilizer company of Petersburg, Va., through their counsel, Stack Bickett, commenced an action in this court against W. N. Blackburn and defendant J. C. Wall, alleging a partnership in Blackburn Wall, seeking to recover about seven hundred dollars or more, and at the time had attachments issued against defendant J. C. Wall, and had, by virtue of said attachment, his tax books for the years 1891 and 1892 seized and placed in the hands of J. H. Fulton, the present Sheriff of Stokes County, (380) where they have been ever since, and for that reason he has been unable to make out his insolvent list of taxpayers, to which he would be entitled to credit in his settlement. That there is now pending a motion to vacate said order of attachment, and the defendant is advised and believes the said attachment will be vacated when heard. That if judgment is allowed to be taken against this defendant at the present term of court, then the plaintiffs in this action would sue out executions, and sell the property of his sureties to pay the amount to county in said judgment, and then apply the amount due from taxpayers on the tax books to the payment of such judgment as might be recovered for Davie Whittle. *Page 260 
"That defendant is advised, and so believes, that the amount due on said tax books, which amounts to one thousand or more dollars, is the property of the county, and the taxes due thereon should be collected and paid on any amount due from defendant J. C. Wall to the county in exoneration of his sureties. The defendant J. C. Wall has heretofore turned over his property to a trustee, which has been sold and applied on said county indebtedness, and that if the plaintiffs, through their counsel, are permitted to take judgments, the defendant and sureties will suffer irreparable injury; whereas, if the taxes are collected and paid to the county on the indebtedness of the defendant J. C. Wall, it will greatly relieve the sureties, which he is advised in equity they are entitled to."
Upon hearing the exceptions at Spring Term, 1895, of STOKES, Bryan, J., overruled the exceptions, and the defendant appealed.
The defendant, being in default by reason of not collecting and paying over the taxes in full, was properly chargeable with the amount of the tax list, and the burden of a discharge of any part thereof was upon him. Vestv. Cooper, 75 N.C. 519.
The statute applicable [Laws 1891, ch. 326, sec. 38 (2)] prescribes that no tax due from insolvents shall be credited to the sheriff unless allowed by the county commissioners upon proof as therein required, and before the day of settlement. Section 105 of the same act fixes the time for the sheriff to settle the State taxes "on or before the second Monday in January," and for settlement of county taxes section 109 prescribes "on or before the first Monday in February." Public policy requires promptness in these settlements, otherwise both the county and State governments might become seriously embarrassed for lack of necessary funds. The only extension of the time of settlement beyond the dates above specified is as to county taxes, and as to them section 111 of the said act provides that the county commissioners may extend the time for settlement by the sheriff of the county taxes, but not longer than till "the first of May in the year following that in which the taxes were levied." The defendant, not having settled his taxes within the time appointed by law and not having had the allowance made him by the county commissioners for insolvents at the time and manner prescribed by law, cannot have them allowed to him now by the courts in an action *Page 261 
for the balance due by him on the tax list. The attachment of the tax books was subsequent to the time he should have settled the taxes and have had his solvent list allowed, and can be no defense.
As to the second exception, it is no defense that the defendant (382) misconstrued the purport of the order of reference.
No error.
Cited: Board of Education v. Wall, post, 383; Williamson v. Jones,127 N.C. 180.