WILLIAMSON v. JONES.

(November 20, 1900.)

1. *Sheriffs—Accounting—Insolvents—Fraud—Special Error—Defense—Taxes.*

The auditing of account of sheriff by County Commissioners is *prima facie* evidence of its correctness, and it is impeacnable only for fraud or special error.

2. *Sheriffs—Penalties—Taxes.*

Where a sheriff fails to pay the taxes required by law, he is liable for penalty of $2,500, and 2 per centum monthly interest.

3. *Sheriffs—Taxes—Defense—Insolvents—Pleadings.*

Where defense of sheriff to an action on his bond for taxes due by him, is a refusal of credits to which he claims he is entitled, he must set out such credits specifically in his answer.

FAIRCLOTH, C. J., and DOUGLAS, J., dissenting.

CIVIL ACTION by the State, on the relation of B. P. Williamson, Treasurer of Wake County, against H. T. Jones and the Fidelity and Deposit Company of Maryland, heard by Judge *W. A. Hoke,* at Spring Term, 1900, of WAKE Superior Court, upon report of referee. From judgment for plaintiff, the defendants appealed.

*Armistead Jones,* for plaintiff.
*Argo & Snow,* for defendants.

CLARK, J. This is an action by the county treasurer against the sheriff and his bond for failure to pay the amount of taxes found to be due by him upon the auditing of his accounts by the county commissioners. The complaint avers

that the defendant's account as sheriff had been audited by the committee appointed by the county commissioners, as provided by law, and the balance due by him ascertained, and (sec. 7) "that the account so audited was duly reported to the said board of county commissioners, and the same was approved by them, and filed with the clerk of the said board, and duly recorded on his book, and a copy of that, showing the amount due, was given to the defendant," appending thereto a copy of the report. The answer (sec. 7), avers "that it is admitted that the report was made to the said board, and filed, but the defendants aver that the said report was and is specially erroneous, and generally so in not giving the credits to which defendant Jones was entitled." The statute (Laws 1899, chap. 15, sec. 111), provides that the fact that the account has been thus audited, reported to county commissioners, filed with the clerk, and recorded "shall be *prima facie* evidence of its correctness, and it shall be impeachable only for fraud or special error." The averment in the answer does not allege fraud or special error, and there can be no *probata* without *allegata*. The only other averment in the answer on the subject, "that said commissioners recklessly and unlawfully refused to credit defendant Jones with insolvents," is equally general, and as far from assignment of special error. Besides, the auditing was done by a committee. If defendants really had any cause of exception, they should have appended a list of the alleged insolvents claimed by the sheriff, under oath, as required by Code, sec. 3689, which were not allowed by the committee, if any, and which, on exception, were improperly and unjustly rejected by the county commissioners when they approved the report of the auditing committee. The sheriff is charged by law with the entire tax list, and the action of the county commissioners in relieving him from liability for insolvents

is *quasi* judicial, and is presumed correct. This list he is required to publish at the court-house door, under a penalty, that it may receive public scrutiny. Code, sec. 2092. It is public policy that there should be as little delay as possible in collecting into the treasury for the support of the government the taxes received by the officer from the citizen. Therefore, all dilatory pleas are cut off, and, when an officer seeks to delay settlement by impeaching the integrity or correctness of his account, as adjusted by the county commissioners, he is required to show the *bona fides* of his objections by setting up under oath the fraud or the special errors which he avers in the account, and not a general "broadside" exception that there is error, which gives no information to the county authorities (who might admit it if specially pointed out), and imposes no liability upon the defendant for a false oath. If defendant by inadvertence (which is inconceivable in view of the explicit language of the statute), failed to make allegation of special error in the answer, he had ample opportunity thereafter to ask to amend and furnish a list of insolvents, which he claims should have been allowed him; but nothing of the kind appears. The statute is explicit, and, even in the absence of the statute, it would have been necessary, in order to impeach the account audited and settlement made by the county commissioners, to have averred fraud, or set out specially the errors assigned. *Commissioners v. White,* 123 N. C., 534·(in which the commissioners wished to attack the settlement); *Commissioners v. Wall,* 117 N. C., 377; *Suttle v. Doggett,* 87 N. C., 203; *Davenport v. McKee,* 98 N. C., 500. In this latter case, as in the present, the Judge thought the facts required the addition to the judgment of the penalty of 2 per cent monthly interest, and further penalty of $2,500 for detention of public funds, as authorized by our statute for a long time, and re-enacted in

the same words by each General Assembly. Laws 1899, chap. 15, secs. 108, 112. These sections are explicit and mandatory, and, indeed, there is no exception by defendants in this regard.

No error.

FAIRCLOTH, C. J., dissents.
DOUGLAS, J., dissents *arguendo*.