JONES v. WOOTEN.

(Filed February 28, 1905).

*Administration—Accounting—Plea in Bar—Reference—Appeal—Verdict.*

1. If an administrator *d. b. n. c. t. a.* has a full accounting and settlement with the administrator of a deceased executor who died before fully administering his testator's estate, it is a good plea in bar in an action for an accounting brought against the estate of said deceased executor by plaintiffs as special legatees, and will protect said estate from any further accounting unless the settlement shall be successfully impeached for fraud or specified error.

2. Where a good plea in bar is set up in the pleadings, it is error to order a reference until such plea is disposed of.

3. Where a plea in bar is overruled or sustained as a matter of law by the trial Judge, it is optional with the party to take an appeal at once or preserve his right by having an exception noted.

4. Where an order of reference is made after the right to an account is established by the verdict of the jury, an appeal can only be taken from a final judgment after report.

ACTION by Alice Jones and others against J. L. Wooten, administrator *d. b. n.* of Travis E. Hooker and others, heard by *Judge W. B. Council* at December Term, 1904, of the Superior Court of GREENE County. From an order of reference, defendant Wooten appealed.

*George M. Lindsay* and *Moore & Fleming,* for the plaintiffs.

*Jarvis & Blow,* for the defendant.

HOKE, J. It appears from the pleadings that John H. Freeman, having made his will, died in the county of Greene in December, 1885; that Travis E. Hooker qualified as his executor on December 31 of the same year and proceeded to administer on said estate; that Travis E. Hooker died in

March, 1887, about fourteen months after his qualification as executor, and without having fully administered the estate. After the death of Hooker, John Sugg was appointed and qualified as administrator *d. b. n.* with the will annexed of John H. Freeman. J. Q. Jackson was appointed and qualified as administrator of Travis E. Hooker and in due time settled his estate, filed his final account and was discharged and has since died. Before the present action was begun the defendant John T. Sugg was appointed as second administrator *d. b. n.* of said John Freeman, and the defendant Wooten was appointed administrator *d. b. n.* of said Travis Hooker.

The plaintiffs are special legatees under the will of John H. Freeman whose legacies are made a primary charge on his personal estate and a secondary charge on his real estate, and bring this suit against J. T. Sugg, administrator *d. b. n.* of John H. Freeman, and John L. Wooten, administrator *d. b. n.* of Travis E. Hooker and others, alleging (1) that their legacies have never been paid; (2) that Travis E. Hooker, as executor of John H. Freeman, had received large sums of money for which he had never accounted, and (3) that John Sugg, former administrator *d. b. n.* of John H. Freeman, had negligently and wrongfully failed to call him to account, that such accounting was necessary to the recovery of their legacies, and that before bringing this suit they had demanded of the defendant John T. Sugg, the present administrator *d. b. n.* of John H. Freeman, that he bring suit against the defendant Wooten to recover from him the amount due from Travis E. Hooker's estate to the estate of John H. Freeman; and that he had refused to comply with such demand.

The defendant answered, denying the principal allegations of the complaint, and John L. Wooten specially answered that there had been a full, true and complete ac-

counting between his predecessor in office, J. Q. Jackson (former administrator of Travis E. Hooker), and John Sugg, who was then administrator *d. b. n.* of John H. Freeman; that a balance had been struck finding a small amount due from the estate of Freeman, which said amount had been paid and all claims against the estate of Travis E. Hooker settled and adjusted.

The form of this plea is set out in section 36 of the defendant's answer, as shown in the record at pp. 31, 32, 33, 34, 35, 36 and 37. The Court, on motion of plaintiff's counsel, and on the pleadings, ordered a reference to take and state an account "as against John L. Wooten, administrator of Travis E. Hooker, former executor of John H. Freeman, as to the personal estate of John H. Freeman and the dealings of said Travis E. Hooker as executor of John H. Freeman." The defendant John L. Wooten, administrator of Travis E. Hooker, excepted and appealed.

The administrator *d. b. n.* of John H. Freeman's estate is the proper person to call the administrator of Travis E. Hooker to account. *Ham v. Kornegay,* 85 N. C., 119; *Gilliam v. Watkins,* 104 N. C., 180. And if John Sugg, who was formerly administrator *d. b. n.* of John H. Freeman, while he held that office, had a full accounting and settlement with J. Q. Jackson, administrator of Travis E. Hooker, as set out in the answer, it is a good plea in bar and would protect the estate of Travis E. Hooker from any further accounting unless the same should be successfully impeached for fraud or specified error.

In 1 Enc. of Pleading and Practice, page 100, it is said: "A plea of account stated is a good bar to a bill for account, for there is no rule more strictly adhered to in courts of equity than that, when a defendant sets forth a stated account, he shall not be obliged to go into a general one." *Costin v. Baxter,* 41 N. C., 197; *Suttle v. Doggett,* 87 N. C., 203. In this

last case *Ruffin, J.,* says'that "the well-established principle of a court of equity is, that an account once settled is conclusive, unless assailed for fraud or mistake; and in order thus to assail it, the complaint must not simply insinuate fraud, but aver the particulars with such definite certainty that issues may be raised in regard to them." The plaintiff has done this in his reply and the cause is properly at issue. As a matter of pleading, however, there is in the answer a good plea in bar of any further accounting. *Grant v. Hughes,* 94 N. C., 231, the authority most relied upon by the plaintiff, does not conflict with this position. In that case there had been an *ex-parte* settlement by the administrator with the Clerk, and the Court said, concerning the answer, that the allegations thereof in reference to such settlement were "vague, indefinite, questionable and unsatisfactory," and an order of reference was therefore approved. But there are no such defects in the plea here set out. These administrators at the time of this alleged settlement held adversary positions, and were the persons whose duty it was to adjust the matter. The allegation is that they had "a full and complete accounting and settlement to and with each other for and on account of all moneys, goods and chattels belonging to the estate of said Freeman which went into or should have gone into the hands of Travis E. Hooker, executor of John H. Freeman, and that in such settlement the correct balance was ascertained and payment made." The accounts are further set out in full in the way of exhibits showing an ascertained balance, and the allegation made that such accounting was full, true and complete, the balance ascertained and agreed upon as correct, and payment thereof made.

Whether the defendant can make his plea good by proof is another question, but on the pleadings it is a good' plea in bar. This being true, it was error to order a reference until such plea was disposed of. *Royster v. Wright,* 118 N. C., 152.

This decision is also an authority for the position that the order in question is one from which an appeal can be immediately taken. The practice in this respect is further declared in *Kerr v. Hicks,* 131 N. C., 90; *Shankle v. Whitley, Ibid.,* 168. It is decided in these cases that where a plea in bar is overruled or sustained, as a matter of law, by the Judge, it is optional with the party to take an appeal at once or preserve his right by having an exception noted. Where, however, the issues are tried by a jury and the right to an account is established by a verdict, and an order of reference made, it is proper to proceed with the reference, and an appeal can only be taken from a final judgment after report.

Let this be certified, to the end that the order of reference be stricken out and the cause proceeded with in accordance with this opinion.

Error.