CLARK, C. J., dissenting.
Action heard on appeal of plaintiff from a justice court to the Superior Court. *Page 365 
The plaintiff complained and seeks to recover $42.75, alleged to be due plaintiff for nonpayment of $42.75 taxes due from defendant Millner and wife for year of 1916, and "which had been placed in the hands of defendant Cain as manager of the town of Morganton with authority to collect same, and which had never been accounted for or charged to him in his settlement with plaintiff as such town manager. Though plaintiff is informed and believes that said taxes were paid to said defendant Cain by his codefendant, H. L. Millner and wife, and were left out or overlooked from said settlement as items to be charged against said defendant by mutual mistake of the parties." Defendant Millner denies liability, and alleged full payment of $42.75, the amount due for taxes for 1916. Defendant C. T. Cain denies liability, and alleges full and complete accounting for the special sum, and for all other sums due the town of Morganton by virtue of his office as town manager. The facts in evidence tended to show that Millner and wife had paid the taxes to Cain, and that he had turned the same into the town treasury. There was further evidence to the effect that in spring of 1917, with a view of going out of office and turning the books and affairs over to his successor, the defendant Cain had an accounting and settlement of the taxes, etc., and other moneys coming into his hands amounting to $30,000 to $35,000; that the accounting was made by Mr. E. B. Claywell, official auditor appointed by the board of alderman for the purpose, a balance struck, and the amount paid according to the settlement showing that the amount was something like $2, witness did not recall whether in favor of the town or defendant Cain, but whichever way it was the amount was paid, and later the settlement was approved by the board of aldermen and ordered recorded, and this was done. It further appears that in making the settlement referred to there was a mistake made in that defendant Cain was not charged with the Millner taxes. At the close of the testimony, the court being of the opinion that plaintiff could not recover in the present action in deference to such opinion, plaintiff submitted to a nonsuit, and judgment being so entered, excepted and appealed.
After stating the case: It is recognized in this jurisdiction that in the absence of a special contract, or unless in contravention of some principle of public policy, wherever one man has been enriched or his estate enhanced at another's expense under circumstances that in good conscience call for an accounting between them, the common-law action ofindebitatus assumpsit may ordinarily be maintained against *Page 366 
the wrongdoer for the amount shown to be justly due. Sanders v. Ragan,172 N.C. 612, and authorities cited. There is, however, another principle equally wholesome, and as fully established with us that where men who have had business dealings with each other have come to a full accounting and settlement purporting to cover the transactions between them, such adjustment has the force and effect of a contract, and may not be ignored or impeached except by action in the nature of a bill in equity to surcharge or falsify the account for fraud or specified error. Williamsonv. Jones, 127 N.C. 178; Suttle v. Doggett, 87 N.C. 203; Costin v.Baxter, 41 N.C. 197; Mebane v. Mebane, 36 N.C. 403; Pratt et al. v.Weyman et al., 6 S.C. Equity, 89; 4 Pomeroy's Equity (3 ed.), sec. 1421; Bispham's Equity (9 ed.), secs. 485-486. In Williamson v. Jones, supra, the present Chief Justice speaking to the question said: "The statute is explicit, and, even in the absence of the statute, it would have been necessary, in order to impeach the account audited and settlement made by the county commissioners, to have averred fraud, or set up specially the errors assigned." In Suttle v. Doggett, supra, it is held "that an account stated and settlement made between the parties (here a county and its tax collector) have the force of a contract, and operate as a bar to a subsequent accounting, except upon a specific allegation of fraud or mistake." In Costin v. Baxter, supra, the principle and one of the controlling reasons for it is stated by Pearson, J., as follows: "When an account settled is relied on, by way of plea or answer to a bill for an account, it is conclusive unless the plaintiff can allege and prove some fraud or mistake; for, otherwise, he has already had that which he asks by his bill, having made a settlement, and thereby perhaps induced the other party to destroy or surrender his vouchers. It would be most mischievous to allow the settled account to be set aside, unless from urgent reasons." It could not at all be maintained that this is not an account and settlement coming under the effect and influence of the principle. The facts in evidence show that it was a full accounting by defendant Cain, the former town manager, with the official auditor of the town designated for the express purpose by the board of aldermen and put upon the public book of accounts and payment made pursuant to its findings. The witnesses refer to it as the settlement had with the town manager, and plaintiff's principal witness, and all of the witnesses, refer to it as the settlement had with the town manager. This being true, such account can only be impeached, as stated, for fraud or mistake duly specified and proven, and to be enforced by civil action in the nature of an original bill in equity, and the justice of the peace where the suit originated being a common-law court, having no jurisdiction of such causes, the action, under our decisions, has been properly dismissed. *Page 367 Cheese Co. v. Pipkin, 155 N.C. 394; Wilson v. Ins. Co., 155 N.C. 173;Dougherty v. Sprinkle, 88 N.C. 300.
We find no error to appellant's prejudice, and the judgment of nonsuit entered against him is approved.
Affirmed.