STATE ON RELATION OF R. D. LOVINGOOD, TREASURER, ETC., AND THE BOARD OF COMMISSIONERS OF CHEROKEE COUNTY ET AL. v. P. C. GENTRY AND UNITED STATES FIDELITY AND GUARANTY COMPANY.

(Filed 2 June, 1922.)

1. Sheriffs—Taxes—Compensation—Fees—Salaries—Statutes.

The provisions of chapter 101, Public Laws of 1917, allowing 5 per cent to sheriffs for the collection of taxes upon an amount not exceeding fifty thousand dollars, and in excess thereof 2½ per cent, etc., expressly ex-

cluded sheriffs whose compensation was fixed upon a salary basis; afterwards modified by the laws of 1919, but declared by the extra session of the Legislature of 1920, ch. 1, sec. 10, as not to repeal any local or general law regulating the salaries or fees of county officers except so far as such local or general laws were in conflict with the provisions that sheriffs should receive 5 per cent on all privilege or license fees collected, etc.: *Held,* the fees to be paid the sheriff are under legislative control, and a sheriff upon a salary basis who received the tax book for 1920, after the laws of 1920 were effective, is not entitled to any commissions on taxes collected for that year that did not fall within the exception made by the statute.

**2. Same—Extension of Time for Settlement.**

Where the sheriff has been put upon a salary basis for the collection of taxes for a certain year, and time for settlement has been extended by the county commissioners to a following year, wherein his compensation has been placed by legislative enactment upon a fee basis, the extension of the time was a matter of grace and did not fall within the prospective intent of the later statute as to commissions allowed for the sheriff's compensation.

**3. Same—Settlement—Penalties.**

The Legislature has the power to impose penalties on the sheriff for his delay or failure to make settlement with the proper county authorities within a stated time, and while statutes of this character should be strictly construed, no interpretation is required beyond the plain meaning of the statute clearly expressed, or exempt the sheriff from the payment of the penalty when he has failed to have obtained an extension of time from the county commissioners as required by the statute in such cases.

**4. Same—Accounting—Auditing.**

Where a sheriff of a county has failed to make settlement of money collected for taxes, as required by law, but has unsuccessfully sought to obtain an extension of time from the county commissioners, he may not successfully resist the statutory penalty under the provisions of C. S., 8050, on the ground that the county board of commissioners had not appointed a committee to audit the account between him and the treasurer, especially when the commissioners had appointed a special auditor who could have acted on the account at any time.

**5. Sheriffs — Taxes—Penalties—Judgments—Actions—Facts at Issue— Issues.**

The penalty of $2,500 recoverable as a forfeiture against a sheriff under the provisions of C. S., 8051, is where he fails, neglects, or refuses to make settlement or to render an account to the county treasurer and auditing committee upon demand; or his failure, neglect or refusal to pay over the amount rightfully found to be due after account had or settlement made; and a recovery of such penalty may not be properly allowed in a judgment upon an affirmative finding, in an action where the cause was heard and determined upon the single question as to whether the defendant sheriff had failed to pay over the amount which the plaintiff claimed to be due.

STACY, J., did not sit.

APPEAL by both parties from *Brock, J.,* at April Term, 1922, of CHEROKEE.

Civil action heard on exception to referee's report.

The defendant Gentry was sheriff of Cherokee County from December, 1914, to December, 1920, and executed official bonds with the defendant United States Fidelity and Guaranty Company as his surety.

Suit was brought by the plaintiffs and pleadings filed. The case was referred to S. W. Black, referee, before whom there was a repleader. The plaintiffs alleged that a settlement had been made with the defendant for 1919, and that the tax books for 1920 were turned over to him, and that he had failed to account for $13,472.38. The plaintiffs demanded judgment for this sum and $2,500 as a penalty for failure promptly to make settlement.

The defendant alleged that he had settled for 1919 under protest, without deducting his commissions; that he was entitled to $4,834.63 as commissions, and that he was ready to settle the taxes for 1920 if allowed proper credits, including commissions. He alleged also that the board of commissioners had failed to appoint an auditing committee, and that he had never been able to settle; that there was due him $2,053.18 on the current funds and $387.42 for special bridge fund for 1918. The plaintiffs filed a replication denying these allegations.

The referee filed his report 31 March, 1922, to which there were exceptions. His Honor adopted almost all the referee's findings of facts and all his conclusions of law, sustained certain exceptions and rendered judgment. Both the plaintiffs and the defendants excepted and appealed.

*J. H. McCall, J. D. Mallonee, and Dillard & Hill for plaintiffs.*
*J. N. Moody, Donald Witherspoon, E. B. Norvell, and Harkins & Van Winkle for defendants.*

### DEFENDANTS' APPEAL.

ADAMS, J. The defendant Gentry insists that he is entitled to a commission of 5 per cent on the first $50,000, and 2½ per cent on any additional amount collected by him as taxes for the year 1920. In November, 1918, he was reëlected sheriff for a term of two years and was inducted into office in December. He received the tax book for 1920 about 1 October. Public Laws of 1917, ch. 234, sec. 101, contains this proviso: "This act shall not apply to or affect the compensation allowed sheriffs of the counties who receive salaries for the collection of taxes." The Legislature of 1919 struck out this proviso and modified the compensation allowed sheriffs for such collection. At the extra session of 1920 an act was passed declaring that it was not the object of the amendment of

1919 to repeal any local or general law regulating the salary or fees of county officers except so far as such local or general laws were in conflict with the provision that sheriffs should receive for their own use a commission of 5 per cent on all privilege and license taxes collected under Schedule B of the Revenue Act, and that it should be deemed and held that all such local or general acts regulating the salary or fees of county officers had continued in full force, except in the respect indicated. Public Laws, Extra Session 1920, ch. 1, sec. 10. This act, ratified 26 August, 1920, was in effect when the defendant Gentry received the tax book for that year, and as he was paid a salary in full compensation for his services as tax collector, and as his fees were subject to legislative control, he is not entitled to the commissions claimed. Public-Local Laws 1913, ch. 63, sec. 6.

This conclusion is not affected by the provisions of the Public-Local Laws of 1921, ch. 523, sec. 1. The extension of time for the settlement of county taxes to the first Monday in May was a matter of grace, and was obviously not included in the terms of the statute, which was prospective in its operation.

The second question relates to the penalty of 2 per cent per month. "The sheriff or tax collector shall pay the county taxes to the county treasurer or other lawful officer. He shall at no time retain over $3,000 for a longer time than ten days, under a penalty of 2 per centum per month to the county upon all sums so unlawfully retained, and shall, on oath, render a statement to the board of commissioners at their monthly meeting of the amount in his hands. On or before the first Monday of February in each year the sheriff shall account to the county treasurer or other lawful officer for all taxes due the county for the fiscal year, and on failing to do so he shall pay the county treasurer a penalty of 2 per centum per month on all sums unpaid, and this shall be continued until final settlement: *Provided,* the board of county commissioners may in their discretion relieve the sheriff or tax collector of said penalty of 2 per centum per month upon payment in full of the county taxes: *Provided further,* the county commissioners may extend the time of settlement of county taxes by the sheriff of the county to the first Monday in May." C. S., 8048. The time for settling the taxes for 1920 was extended by the board of commissioners to the first Monday in May, 1921. Moreover, the statute enacted for the benefit of Cherokee County provides that "all taxes must be collected and settled for by said sheriff and tax collector on or before the first day of May succeeding the year in which the same was listed." Public-Local Laws 1913, ch. 63, sec. 6. The judgment allows interest from the first Monday in May, 1921.

That the General Assembly is clothed with authority to impose penalties for the delay or failure of a tax collector to account is axiomatic.

The power to coerce prompt collection and settlement of taxes is no, less necessary than the power to levy and assess them, and both are essential to the maintenance of the government. Penal statutes, of course, must be strictly construed, but in the judgment of the court there is nothing that extends the construction of the statute beyond its plain meaning. The board of commissioners in the exercise of their discretion declined to relieve the defendant of the penalty, and we discover no reason for holding that he should be exempted from the payment of the interest incurred by his default.

The defendants demurred *ore tenus,* and moved to dismiss the action on the ground that the board of commissioners had not appointed a committee to audit the account between the sheriff and the treasurer. C. S., 8050. Under the circumstances disclosed by the record the motion cannot avail the defendant. Repeatedly beyond the ten-day limit he retained money in excess of $3,000, and instead of accounting to the treasurer, applied for an extension of time for his settlement. Besides, section 8050 is not applicable. The board of commissioners appointed a special auditor by whom the defendant's account could have been audited at any time. Public-Local Laws 1913, ch. 63, sec. 10.

On the appeal of the defendants we find

No error.

## APPEAL BY PLAINTIFFS.

ADAMS, J. The plaintiffs excepted to his Honor's refusal to permit recovery of $2,500 as a forfeiture to the State for the use of the county under the provisions of C. S., 8051. The exception is not tenable. The penalty prescribed may be recovered (1) where upon demand the sheriff fails, neglects, or refuses to make settlement or to render an account to the county treasurer and auditing committee, or (2) where after account had or settlement made the sheriff fails, neglects, or refuses to pay over the amount rightfully found to be due. In the record neither of these conditions appears. There was a repleader before the referee, and in accordance with the amended pleadings, the case was heard and determined upon the single theory that the defendant "had failed to pay over" the amount which the plaintiffs claimed to be due. *Davenport v. McKee,* 98 N. C., 500; *Williamson v. Jones,* 127 N. C., 178.

On the plaintiffs' appeal there is

No error.

STACY, J., not sitting.