LOUIE M. GRAVES v. K. L. COPE, Sheriff, and H. M. DEADMON, L. L. SMITH and G. H. GRAHAM, Commissioners of DAVIE COUNTY.

(Filed 27 January, 1926.)

**1. Sheriffs—Taxation—Statutes.**

Under the various general statutes relating to the collection of taxes by the sheriff, requiring the collection according to copy of tax list delivered to him, C. S., 7930; the power of the county commissioners as to releasing, etc., certain persons, C. S., 7976; his duty to immediately collect, C. S., 7992; the year given in which to settle, C. S., 7998; the power of sale given him, C. S., 8006, 8010, and the power to attach property, C. S., 8004; the time fixed for settlement, C. S., 8049; and the duty

to sue him in case of his default, C. S., 8051: *Held*, the sheriff and his bondsmen are liable for the full amount on the tax list given to him, except certain specific deductions allowed by law.

**2. Same—Delinquent Taxes—Tender to Successor—Sheriff—Mandamus.**

A sheriff being liable for the collection of all taxes upon the list given him by statute, a tender by the delinquent taxpayer of the amount due to the sheriff's predecessor as tax collector, is properly refused, and a mandamus will not lie to compel the present incumbent to receive them.

**3. Same—Public Local Statutes.**

Where a public-local law on the subject applying to a particular county cannot be construed as authorizing it, a mandamus will not lie to compel the sheriff of the county to accept delinquent taxes due to his predecessor in office, and remaining uncollected.

**4. Mandamus—Case Agreed—Chambers—Questions for Court.**

Where the question of mandamus to compel a sheriff to accept unpaid taxes by a delinquent to the defendant sheriff's predecessor in office, upon a case agreed, there is no issue of facts for a jury, and the matter may be heard and determined by the judge at chambers.

**5. Same—Statutes—Service of Summons.**

An order of mandamus issued to a public officer, sheriff in the present case, may not lawfully be issued (except where the relief sought is a money demand), unless ten days have elapsed between the service of the summons and the signing of the order.

APPEAL by defendants from order of *Long, J.,* at chambers, dated 2 January, 1925, continuing order of *Finley, J.,* dated 15 December, 1924, for hearing at next succeeding term of Superior Court of DAVIE County for trial of civil actions.

Application for writ of mandamus, requiring defendant, K. L. Cope, sheriff of Davie County, to accept from plaintiff, a resident and taxpayer of said county, a sum of money tendered by him in payment of taxes due said county for years 1922 and 1923.

On 15 December, 1924, Judge Finley signed an order, requiring defendant, as sheriff of Davie County "to collect the back taxes due said county by taxpayers thereof, including the taxes due said county by the petitioner in this cause," and directing that "a copy of this order, together with the petition and summons be served on defendants, and that they be notified to appear before Hon. B. F. Long, judge holding the courts of the Seventeenth Judicial District, on 26 December, 1924, at Statesville, North Carolina, and show cause why this order should not be made permanent."

Pursuant to said order, defendants appeared before Judge Long and filed answers to the petition; the cause was heard by Judge Long, upon a statement of agreed facts, and on 2 January, 1925, Judge Long signed

8—191

an order, continuing the order of Judge Finley for hearing at the next succeeding term of the Superior Court of Davie County for the trial of civil actions.

Defendants excepted to this order and appealed therefrom to the Supreme Court.

*Walter E. Brock for plaintiff.*
*A. T. Grant, Jr., and Grier & Grier for defendants.*

CONNOR, J. The only question presented by this appeal is whether the sheriff of Davie County has the right and whether it is his duty to collect taxes due the county of Davie assessed for years preceding the year in which his term of office began, which were not collected by his predecessor whose term of office included the years for which the taxes were assessed. Defendant, K. L. Cope, was elected sheriff in November, 1924, and was duly inducted into said office on the first Monday in December thereafter. On 13 December, 1924, plaintiff tendered to said K. L. Cope, sheriff, the sum due by him for taxes for the years 1922 and 1923, and demanded his tax receipts therefor. Defendant declined to accept said sum, contending that he had neither the right nor the duty to collect taxes assessed for the years 1922 and 1923 and not collected by his predecessor. Roy M. Walker was sheriff of Davie County for the term beginning on 1st Monday in December, 1922, and ending on 1st Monday in December, 1924; the tax lists for said years were delivered to him on or before 1st Monday in October of said years, as required by statute. He failed to collect taxes due by plaintiff as shown by said list. His term of office expired on the 1st Monday in December, 1924, when defendant, K. L. Cope, pursuant to his election in the preceding November, duly qualified as sheriff for the term beginning on said date.

It is the duty of the board of commissioners of each county to cause the register of deeds to make out annually two copies of the tax list for each township in said county; one of said copies shall be delivered to the sheriff of said county on or before the first Monday in October of each year. The clerk of the board of commissioners shall endorse on the copies delivered to the sheriff an order to collect the taxes therein mentioned and such order shall have the force and effect of a judgment and execution against the real and personal property of the persons charged with taxes as shown in said lists. C. S., 7930; Public Laws 1923, ch. 12, sec. 76; Public Laws 1921, ch. 38, sec. 83. The board of commissioners has no power to release, discharge, remit or commute any portion of the taxes assessed and levied against any person or property within its jurisdiction for any reason whatever. C. S., 7976. All taxes are due on the first Monday in October of each year, and it is the duty of the sheriff to whom the tax lists, endorsed by the clerk,

are delivered, to proceed immediately to collect same. C. S., 7992. The sheriff and in case of his death, the sureties on his bond, shall have one year and no longer, from the day prescribed, for his settlement and payment of taxes due the State, to finish the collection of all taxes. C. S., 7998. In order to enforce collection the sheriff may first levy upon and sell the personal property, and second, if sufficient personal property cannot be found, it shall be his duty to sell the real estate of the taxpayer. C. S., 8006, 8010. If any poll tax or other tax shall not be paid within sixty days after same is due, it shall be the duty of the sheriff if he can find no property of the person liable sufficient to satisfy the same, to attach any debt, or other property incapable of manual delivery, due or belonging to the person liable, or that may become due before the expiration of the calendar year, and the person owing such debt or having such property shall be liable for such tax. C. S., 8004.

On or before the first Monday in February in each year, the sheriff shall account to the county treasurer or other lawful officer, for all taxes due the county for the fiscal year; C. S., 8048. The sheriff shall be charged with the sums appearing by the tax list as due for county taxes and shall be allowed to deduct therefrom all insolvents and uncollectible poll taxes and also the amount of county tax on lands bid off by the county and costs and fees for making sale of lands for collection of taxes; provided, that a majority of the board of commissioners may extend the time for collection and settlement of taxes due the county not later than 1 May in the year following that in which the taxes are levied, C. S., 8049. Upon failure of the sheriff to account with the county treasurer and auditing committee, as provided by statute, it shall be the duty of the county treasurer, or if he neglects or refuses to perform such duty, it shall be the duty of the chairman of the board of county commissioners to cause an action to be brought in the Superior Court of the county on the bond of the sheriff, against him and his sureties, to recover the amount owing by him and the penalty prescribed by statute, C. S., 8051.

It must be conceded that under the statutes of this State relative to the collection of taxes the sheriff to whom a tax list is delivered is liable to the county for the total amount shown to be due thereby and that the only deductions that may lawfully be made therefrom are amounts charged in said lists which are lawfully allowed as insolvent and un- collectible taxes, the amounts levied and assessed as taxes upon lands which have been bid off, at tax sales, by the county, and the commis- sions and fees, if any, allowed by law as compensation for his services. *Comrs. v. Wall,* 117 N. C., 377.

It is contended, however, that by virtue of the statute which provides that the sheriff of Davie County shall receive an annual salary, payable monthly, for his services, and that he shall not retain the commissions

provided by statute, he is relieved of the duty and is without power to collect any taxes after the expiration of his term of office, and that taxes not collected by him must be collected by his predecessor.

The statute relative to the compensation of the sheriff of Davie County, in force and effect from and after first of March, 1921, and applicable to the present sheriff and his predecessor, to whom the tax lists for the years 1922 and 1923 were delivered, is chapter 84, Public-Local Laws 1921, as amended by chapter 355, Public-Local Laws 1923. The only effect of the amendment was to reduce the salary of the sheriff from $2,500 to $2,200. Chapter 257, Public-Local Laws 1917, relied upon by the plaintiff, was repealed by section 15 of chapter 84, Public-Local Laws 1921. Section 13 of said chapter 257, provides that "at the expiration of the term of office of any person holding the office of sheriff of Davie County, he shall be required to turn over to the incoming officer all books, papers and accounts, showing uncollectible taxes, licenses and all unfinished business of his said office, and on and after the date when the newly elected officer shall give bond and be inducted into office, he shall perform all the duties of said office of sheriff." This provision is not included in chapter 84, Public-Local Laws 1921; it is not applicable to either the present sheriff or to his predecessor. There is no provision in the statute applicable to either which relieves the latter from liability for the tax lists delivered to him during his term of office, or which makes it the duty of the former to collect taxes which his predecessor has failed to account for as required by law.

There was error in declining the motion of defendants that the application for the writ of mandamus be denied. The cause was heard upon a statement of facts agreed. There was, therefore, no controversy as to the facts. Indeed, there were no issues of facts raised by the pleadings, requiring submission to a jury. The summons was properly returnable before the judge of the Superior Court, at chambers. He had jurisdiction to hear and determine the action, both as to law and fact. The motion for a continuance to the next term should have been denied. C. S., 868. *Lenoir County v. Taylor,* 190 N. C., 336.

The order signed by Judge Finley was erroneous, for that although the summons was properly returnable before him as judge of the Superior Court, at chambers, the relief sought not being the enforcement of a money demand (C. S., 867 and 868), ten days had not elapsed between the service of the summons and complaint and the signing of the order. A writ of mandamus can be issued by the judge of the Superior Court only after service of summons and complaint, and after the expiration of not less than ten days. There was error in the order signed by Judge Long for that upon the statement of agreed facts, the application should have been denied.

Reversed and dismissed.