CHICAGO PORTRAIT COMPANY v. H. V. FURCHES AND J. G. MILLER.

(Filed 10 January, 1934.)

1. **Account Stated B a—Parties held concluded by signed statement admitting amount due on account.**

   Where the evidence is to the effect that the principal debtor, after examining the account between the parties, signed a statement declaring the amount due by him thereon to be in a certain sum, his signature being affixed in the presence of one of his sureties acting with the consent and approval of the other surety, and there is no allegation of fraud or mistake in the signing of the statement, the parties are bound by the signed statement admitting the amount due, and the creditor is entitled to judgment for such amount.

2. **Principal and Surety C c—Principal may apply funds due by creditor to account not covered by surety contract.**

   Where, with the consent of the principal debtor, certain sums due him by the creditor are applied without the knowledge or consent of the debtor's sureties to an old account not covered by the surety contract, the sureties are not entitled to have the account for which they are secondarily liable credited with said sums, such sums belonging to the debtor and he being entitled to apply them as he pleased.

CIVIL ACTION, before *Warlick, J.,* at March Term, 1930, of IREDELL.

The plaintiff employed as a salesman of its products Allen Richard Miller. It required the salesman to have executed a certain letter of credit, guaranteeing the faithful performance of the contract and "payment to you of any and every sum of money collected by or paid to him. The repayment to you of any and every advance of money made to him by you or your agents. The proper and true accounting to you for all portraits, frames, samples, and other merchandise that may come into his possession or control from time to time," etc. The defendants, Miller and Furches, signed said letter of credit and thereby obligated themselves to answer for the default of their principal, Richard Miller, and for each and every "sum of money collected by or paid to him."

Richard Miller entered upon his employment and on 23 July, 1932, the plaintiff claimed that the said Miller owed a balance of $540.28, and on said date the said Richard Miller, in the presence of the defendant, J. G. Miller, signed a statement as follows: "23 July, 1932. Chicago Portrait Company, Gentlemen: I acknowledge receipt of statement of my account as district manager with the Chicago Portrait Company up to and including 30th day of June, 1932, showing a debit balance of $540.28. Remarks: I have checked same carefully and find it correct with the exception of items noted under 'Remarks.' Signed Richard Miller." No exceptions were noted. There was undisputed evidence that the superintendent of collections of the plaintiff notified the defendants of the amount claimed to be due by the plaintiff, and both of said defendants agreed that J. G. Miller meet an agent of plaintiff in Washington and go over the account. Subsequently J. G. Miller and Richard Miller met in Washington and went over the account, and thereupon the said Richard Miller signed the statement referred to.

The defendants filed an answer denying any failure on the part of Richard Miller to perform the duties of his employment or that he was indebted to the plaintiff in any amount. At the trial evidence was offered tending to show that three items amounting to $81.66 due Richard Miller by the plaintiff company, had been credited by and with the consent and approval of Richard Miller to an old account not covered by the letter of credit. There was also undisputed evidence to the effect that J. G. Miller, after the amount of the account had been agreed upon by Richard Miller, proposed to pay the same at the rate of $20.00 per month.

At the conclusion of the evidence the trial judge instructed the jury to answer the issue of indebtedness in the sum of $540.28. From judgment upon the verdict the defendants, J. G. Miller and H. V. Furches, appealed.

*P. P. Dulin for defendants.*
*Scott & Collier for plaintiff.*

BROGDEN, J. Richard Miller, in the presence of his codefendant, J. G. Miller, after examining the account, signed a statement declaring that there was a balance due of $540.28. The undisputed evidence tended to show that J. G. Miller was present at the interview with the consent and approval of his codefendant, H. V. Furches. There was no allegation of fraud or mistake in the pleadings, and no evidence thereof. Thus the principle applicable was stated in *Morganton v. Millner,* 181 N. C., 364, 107 S. E., 209, as follows: "There is, however, another principle equally wholesome, and as fully established with us that where men

who have had business dealings with each other have come to a full accounting and settlement purporting to cover the transactions between them, such adjustment has the force and effect of a contract, and may not be ignored or impeached except by action in the nature of a bill in equity to surcharge or falsify the account for fraud or specified error." See, also, *Commissioners v. White,* 123 N. C., 534, 31 S. E., 640; *Davis v. Stephenson,* 149 N. C., 113, 62 S. E., 900; *Richardson v. Satterwhite,* 203 N. C., 113, 164 S. E., 825.

The defendants make the point that certain sums of money due Richard Miller were allowed as credit on an old account without their knowledge or consent. However, this money belonged to Richard Miller, and he, of course, had a right to dispose of it as he pleased.

Affirmed.