The Chancellor.
The defendant has failed to support his plea. The only controversy between the parties is, whether the complainant is entitled to a decree according to his case as made by the bill, or, as the defendants’ counsel insists, whether the court will permit the defendant to answer. The defendant has laid no special ground before the court why the practice and rules of pleading *84 should be departed from in this case. The case is an ordinary one, and must be governed by the settled rules of practice.
The plea goes to the whole bill. It is in bar to the complainants’ equity; and had it been supported, would have been final and conclusive between the parties. There is no difficulty as to the character or extent of the plea. It is a plea to the merits, and, as such, must be disposed of. On behalf of the defendant, it is insisted that, as to pleadings being conclusive and final, the practice of courts of law and equity is analogous. Admitting the analogy, I do not perceive how it can aid the defendant. If, at law, the defendant interposes a plea in bar, the plaintiff must either demur or take issue upon it. If he demur, and the demurrer is sustained, the court will, in its discretion, permit the defendant to plead anew; or if judgment is against the demurrant, he will be permitted to take issue upon the plea. But if, instead of demurring, the plaintiff should take issue, the trial of that issue is final. So in a court of equity, if the defendant interposes a plea in bar to the whole bill, and the complainant does not reply to it, but is disposed to question its validity, instead of the complainants demurring to it, the defendant must set it down for argument, and this answers to the demurrer at law. If the plea should be decided not to be good, the defendant must answer the bill. If it is sustained, the complainant must reply to it. "When he does reply, and takes issue, the determination of that issue is final. The practice is well settled, and the decisions are uniform. Dan. C. P. 224. “ The office of a plea in bar at law is to confess the right to sue; avoiding that by matter dehors, and giving the plaintiff’ an acknowledgment of his right, independent of the matter alleged by the plea. The plea alleges some short points, upon which, if issue is joined, there is an end of the dispute. In this court, in general cases not classed among those where certain averments seem to have been required, both by *85 the plea and the answer, but where the defendant, pro hac vice, for the sake of the argument, admits the whole bill, I have understood the rule to be the same here as at law, that the plea admitting the bill interposes matter which, if true, destroys it, and upon the truth of which the plaintiff is at liberty to take issue.” Boyle v. Adams, 6 Ves. jun. 594. In Wood v. Strickland, 2 Ves. & Beam, the Vice Chancellor says, upon a plea found false, the plaintiff is entitled to a decree. In Bogardus v. Trinity Church, 4 Paige 178, where issue is taken upon a plea, if the truth of the matters pleaded is established, the suit will be barred, so far as the plea extends. In Dows v. McMichael, 6 Paige 144, the plea was, that D. and 1). were members of the firm of B. N. & Co. at the time the note was given, and were jointly liable with the defendants in the suit in the Supreme Court for the payment thereof, as a copartnership debt; that the judgment had been fully paid and satisfied by D., one of the members of I). & D., before the return of the execution issued thereon, and that this suit was prosecuted for the sole benefit of D., who paid the judgment, the complainants having no beneficial interest therein ; and that the amount so paid by D. was no more than bis proportion of his debts due from the firm at the time of such payment. The case is very similar to the one before the court. In deciding that case, the Chancellor said: No repleader is awarded in this court upon an immaterial issue joined upon a plea. The court, therefore, never inquires as to the materiality of the allegations contained in the plea in such a case. If the truth of the plea is established by the proofs, the complainant’s bill must be dismissed, although the matters stated in the plea contain, in fact, no valid defence to the suit. On the other hand, if the defendant fails in proving the truth of his plea upon the hearing, the plea must be overruled as false, and the complainant will be entitled to a decree according to his case, as stated in the bill. And the same case is reported in 2 Paige 845. See, also, Story’s Eq. J., *86 § 697 ; Brownsword v. Edwards, 6 Ves. Rep. 247; Meeker v. Marsh, executor of Butler, Saxton’s C. R. 198.
The plea is overruled, and the complainant is entitled to a decree according to the case made by his bill.