J. O. W. JONES, Administrator d. b. n. of O. W. JONES, v. R. J. W. BEAMAN, Administrator of R. C. D. BEAMAN.

*Practice—Referee, Powers of—Res Judicata—Estoppel.*

1. A reference of a cause cannot be ordered when anything is pleaded in bar of plaintiff's right of action, until such plea is tried.

2. A referee has no inherent or original powers and can only do those things expressly enumerated in *The Code*, and such as he is authorized to do by the court which sends him the case. While he may "allow amendments to any pleadings" he is not authorized to allow a defendant, who has not previously done so, to file an answer except by consent.

3. Where a former judgment has been rendered between the same parties and those claiming under them in a former action and is pleaded in bar of a second action, it is, conclusive and operative as a bar only when it appears upon the face of the record or is shown by extrinsic evidence that the precise question at issue was raised and determined in the former suits.

4. Where there is uncertainty in the record of a former action as to what was decided therein, the whole subject may be re-investigated, unless such uncertainty shall be removed by other evidence, and for this purpose extrinsic and parol proof is admissible.

5. A judgment against an administrator for moneys due the estate is not a bar to a subsequent action for a further sum not known by plaintiff, at the trial of the former action, to be due.

CIVIL ACTION, heard on exceptions to report of a referee, before *Graham, J.,* at Fall Term, 1895, of GREENE Superior

Court.   His Honor overruled the exceptions and affirmed the judgment of the referee for the defendant, and plaintiff appealed.   The facts appear in the opinion of Ass ciate Justice AVERY.

*Messrs. Geo. M. Lindsay* and *J. B. Batchelor*, for plaintiff.

No counsel, *contra.*

FAIRCLOTH, C. J.:   In 1879, O. W. Jones died an | his widow became his administratrix, who resigned in 1880, and R. C. D. Beaman, intestate of defendant, became administrator d. b. n., and he died, and the plaintiff became administrator d. b. n. on said estate.   R. C. D. Beaman made no final settlement, but made a return to the clerk showing a sum in his hands due the estate at his death, for which the plaintiff brought suit and recovered $500, the amount found by the jury, the plaintiff not knowing that a greater sum was then due.   Afterwards the plaintiff brought suit against the defendant, alleging that a greater amount was due his intestate's estate by the defendant, as administrator of his intestate, and demanded an account of the whole administration.   At February Term, 1894, the cause was referred by consent to have all issues of law and fact found, the defendant having then filed no answer.   Before the referee the defendant was allowed to answer, in which he pleaded the judgment in the former action as an estoppel.   The referee held that the judgment was a bar to this action, and that plaintiff could not recover anything.   He so reported and his Honor affirmed the ruling of the referee and plaintiff appealed.

The irregularity of these proceedings makes it necessary for us to remand the case to the end that the errors may be corrected.   The action of the referee was without

authority, and the judgment of the court was erroneous. At the time of the reference no issues were raised by the pleadings and the plaintiff was entitled to a judgment by default and enquiry, and then a reference was in order, by the court or by consent, to state an account to ascertain the amount due the plaintiff. The referee had no authority to allow the defendant to file an answer except by consent, and when he did so and allowed him to plead the judgment in the former action as an estoppel; he deprived himself of jurisdiction to try anything, because under our practice even the Court cannot order a reference when anything is pleaded in bar of plaintiff's right of action, until such plea is tried. The reason is that if such plea be true, that is an end of the action and no reference is necessary. These pleas are such as statute of limitations, release, full settlement, and estoppel, and any plea that denies the plaintiff's right to bring and maintain his action. This has been repeatedly decided by the Court. Clark's Code, pp. 404 and 416, inclusive. Our statutes (*Code*, Secs. 420, 421, and 422) relating to trials by referees, serve a useful purpose and must be liberally construed. They aid and simplify the work which would otherwise fall upon the court and jury, and often expedite the litigation and save the parties from trouble and expensive trials, and are a saving in time to witnesses and attorneys. Here, we might rest this opinion, but as the main argument before us was in effect that the plea in the answer, assuming it to have been filed in apt time, was not an estoppel, and that the referee exceeded his power, we think it proper to give our opinion on this question of practice, under the sections of *The Code* referred to, and others bearing on the same subject.

The power of the referee is given in section 422 of *The Code*. He has no inherent or original power, but it is

delegated, and, like all subordinate tribunals, is limited
by the terms of the statute, conferring his jurisdiction.
It is quite liberal, with all necessary power, to preserve
order, compel attendance, grant adjournments, "and to
allow amendments to any pleadings and to the summons,
as the court upon such trial, upon the same terms and
with like effect." And yet, upon this broad language
there must be a reasonable limitation, in order that the
referee's proceedings may be consistent and in harmony
with the records of the court, and in order to avoid such
inconvenience, irregularties, and costs as we have before
us in the present case. The Court does not refer the
action but retains it, pending the reference, with its
power to make any necessary and proper order desired by
the parties. *McNeill* v. *Lawton*, 97 N. C., 16. The ref-
eree can exercise only the powers expressly enumerated
by the statute, and can take no power by implication.
The theory of *The Code* is that the referee is to try what-
ever the court has sent to him, which is plainly expressed,
or ought to be, in the order of reference. "To allow
amendments to any pleadings" (Section 422) assumes
some pleading to be in existence, and means or implies an
improvement of it, making it better, and making good
that which was before defective in its form of statement,
or in making better the issues presented between the
same parties, but it does not mean to file other and new
pleadings, raising issues unknown to the court when it
made the order of reference. We think a reasonable
construction of the statute will not go to that extent.
If other persons desire to become parties, or some of those
present desire to have their names stricken out, they can
apply to the court, or the referee may certify the applica-
tion to the court, as was done in *White* v. *Utley*, 94 N.
C., 511, where the application will be refused or allowed

on the hearing, and such order as the court deems proper may be made, allowing such pleadings to be made as are right and necessary in the cause. The result, then, is that the referee can do only those things expressly enumerated in *The Code*, and such as he is authorized to do by the court which sends him the case.

When a former judgment has been rendered between the same parties and those claiming under them in a former action and is pleaded in bar of a second action, the question arises, to what extent is it conclusive between the same parties, that is to say, is it conclusive only as to those matters actually tried, or as to all matters which might have been tried on the pleadings in the first suit? That question has frequently been considered in this and the courts of other states, and decisions are conflicting and cannot well be reconciled. Our conclusion is that the true and correct principle is that, in order to make the former judgment conclusive and operative as a bar, it must appear either upon the face of the record or be shown by extrinsic evidence that the precise question was raised and determined in the former suit. If there be uncertainty on this question in the record, the whole subject will be open to a new investigation, unless this uncertainty shall be removed by other evidence showing the precise point involved and adjudicated, and, to show this, extrinsic and parol proof is admissible as evidence. The judgment can be conclusive only so far as it affects rights presented to the court and passed upon. If, upon the face of the record, anything is left to conjecture as to what was decided, and it is not explained by other proof, then the judgment as evidence is no estoppel. *Baugert* v. *Blades*, decided at this term; *Yates* v. *Yates*, 81 N. C., 397; *Bryan* v. *Malloy*, 90 N. C., 508; *Temple* v. *Williams*, 91 N. C., 82; *Williams* v. *Clouse*, *Ibid*, 322; *Armfield* v.

*Moore*, Busbee, 157. It follows then, if the facts shall be as they now appear from the referee's report, that the first judgment, set out in the record between plaintiff and defendant, will not prevent the former from having an investigation of the account of the latter's intestate. Let this opinion be certified to the end that the action may proceed in the Superior Court.

Error. Remanded.