J. W. JONES, Administrator *d. b. n.* of A. W. JONES v. R. J. W.
BEAMAN, Administrator of R. C. D. BEAMAN.

*Estoppel—Res Judicata.*

Where R. B., as administrator of J., admitted, by an account
placed with but not filed or audited by the clerk of the
superior court as a final account, that he was indebted to
his intestate's estate in a specific sum, and died without
finally settling the estate, a judgment in an action by an
administrator *d. b. n.* to recover said specific sum is not a
bar to the recovery, in an action for the settlement of the
whole estate, of an additional sum which the plaintiff, at the
time of the first action, did not know to be due.

CIVIL ACTION, tried on exceptions to report of referee,
before *Coble, J.,* at August Term, 1896, of GREENE Supe-
rior Court. Both parties appealed. The facts are stated
in the opinion of Chief Justice FAIRCLOTH. (For a former
report of case between the same parties, involving sub-
stantially the same facts, see 117 N. C., 259.)

*Mr. George M. Lindsay,* for plaintiff.
*Messrs. Shepherd & Busbee,* for defendant.

FAIRCLOTH, C. J.: At the argument the plaintiff with-
drew his appeal; and the defendant waived all his excep-
tions except the question of estoppel on his appeal. This
case was before this Court at September Term, 1895, 117
N. C., 259.

*Facts :* R. C. D. Beaman, defendant's intestate, was
administrator *d. b. n.* of A. W. Jones, and upon the death
of said Beaman the plaintiff became administrator *d. b. n.*
of said Jones. Said Beaman, before his death, placed in
the hands of the clerk an account of his dealings with said
estate, but the same was never filed nor audited by the
clerk as a final account because the vouchers were incom-

JONES *v.* BEAMAN.

plete.   This account showed a balance of $500 in administrator's hands.   Plaintiff brought an action for that specific sum without taking an account, and recovered it. The referee finds that plaintiff did not know that anything more was due.   Plaintiff brought the present action and demanded an account of the whole administration, and the referee finds that $604.74 is due the plaintiff, in addition to the $500 recovered in the former suit, and judgment was rendered accordingly, and defendant appealed.

The defendant plead the former judgment as an estoppel and relied upon it in this action.   In the former opinion (117 N.C., 259) we decided, upon the facts then appearing, against the plea.   The facts now are not materially different from the former case, certainly no more favorable to the defendant.

We have no reason to change our former conclusion on this question, and we refer to that case for our reasons, without repeating them here.

Affirmed.