COMMISSIONERS OF IREDELL COUNTY v. M A. WHITE et als.

(Decided December 6, 1898.)

*Sheriff's Bond—Plea in Bar—Settlement of Taxes—.
Order of Reference.*

1. The general rule is, that where there is a plea in bar, it must be disposed of, before a reference for an account can be made.

2. In an action upon a Sheriff's bond for settlement of public taxes, where previous settlements are referred to and specific errors therein are pointed out in the complaint, which seeks to surcharge and falsify those accounts and settlements—and the answer pleads them in bar of the action—such plea will not avail against an order of reference to ascertain the correctness of the settlements in the particulars pointed out. This is so by virtue of the Revenue Acts of 1895 and 1897, as well as upon legal principles, without special legislation.

3. Previous settlements with the Sheriff, when approved by the Board of Commissioners are *prima facie* correct, and the burden of proving to the contrary rests upon them.

ACTION upon the official bond of M. A. White, ex-Sheriff of Iredell County, for account and settlement of public taxes for year of 1865, alleging special errors therein, and for a proper settlement for taxes levied in 1896, heard before *Allen, J.*, at August Term, 1898.

The complaint alleged previous settlements of the Sheriff, which it seeks to surcharge and falsify. The answer denies the correctness of the allegations of the complaint, and pleads the previous settlements as a bar to the action.

The plaintiff moved for a reference of the cause under Sections 421 and 422 of *The Code*, as amended by Acts of 1897, Chapter 237—which motion was resisted by defendants upon the ground that the pleas in bar set up in their answer should be first tried.

The Court, upon an inspection of the pleadings and record, being of the opinion that plaintiff was entitled to the order of reference asked for, made the following order in the cause.

At this Term, the plaintiff moves the Court for a reference of all matters in controversy, and the defendants, by their attorneys, oppose the said motion:

It is therefore considered and adjudged by the Court that R. A. McLauchlin be and he is hereby appointed Referee in the cause to state an account and report his findings of law and fact involved in the cause.

Defendants except and appeal.

*Messrs. B. F. Long* and *W. G. Lewis*, for defendants (appellants).

*Messrs. Armfield* and *Turner*, for plaintiff.

FURCHES, J: The plaintiffs are the Commissioners of Iredell County. The defendant, Moses A. White, was elected Sheriff of said county in November, 1894, and inducted into said office on the 1st Monday of December, 1894; that as such officer he gave the bond declared on for the faithful discharge of his duties as tax collector with the other defendants as his sureties; that as such Sheriff and tax collector, he received the tax lists of said county for the years 1895 and 1896, for collection, and proceeded to collect said taxes and from time to time to pay them over to the treasurer of said county. In September, 1896, he had a final settlement with the plaintiffs, at which time he paid them all that he was found to be due on said taxes, and this settlement was accepted by the plaintiffs as a final settlement, and recorded by them in the book of records of settlements of final accounts. And in November, 1897, he had another

final settlement with the plaintiffs, through a committee appointed by the plaintiffs, and he then paid the plaintiffs all that was found to be due them on account of all taxes collected, or collectible by him. The defendant pleads these settlements in bar of plaintiffs' action.

But the plaintiffs in their complaint set forth these settlements; (or attempts to settle, as they call them) and then proceed to allege that, by inadvertence and mistake, there were many errors committed in said settlements, which they point out specifically in their complaint, and ask that the whole matter be referred to some good accountant to ascertain the truth of the matter, and report. This prayer of plaintiffs was granted by the Court and an order of reference made. To this order the defendants objected upon the ground that they had pleaded a final settlement with plaintiffs for the taxes of 1895 and also for 1896, and this plea had not been disposed of; that the Court could not refer the case where there was a plea in bar, until that was disposed of. This is the only point presented by the appeal.

The general rule is that where there is a plea in bar it must be disposed of before a reference for an account can be made. *Royster* v. *Wright*, 118 N. C., 152; *Grant* v. *Hughes*, 96 N. C., 177. The reason of this rule is, that it would be useless to take an account if the plea in bar would defeat the plaintiff's action, if found for the defendant. But it is otherwise where the matter pleaded in bar would not defeat the plaintiff's action, if found for the defendant. *Humble* v. *Mebane*, 89 N. C., 410; *Crant* v. *Hughes*, *supra*. This is so for the reason that what is pleaded in bar *is not a bar*. The fact that there had been, as the parties thought at the time, a full and final settlement between the plaintiffs and the defendant, creates a presumption and

makes a *prima facie* case in favor of the defendant. This is so under the Revenue Act of 1895, Chapter 119, Section 110 and the Act of 1897, Chapter 169, Section 113.    But it would have been so upon legal principles, without this special legislation.

If plaintiffs had alleged that defendant White, as Sheriff and tax collector of Iredell County, had collected the taxes and failed and refused to pay over and account for the same, the defendant's plea of final settlement and payment, would have been a bar to plaintiff's action, and must have been disposed of before the court would have been authorized to make the order of reference.    But that is not this case.    The plaintiffs recognize the settlements, as creating a presumption—a *prima facie* case for defendants—and proceed to allege specific errors in said settlements, and seek to surcharge and falsify the account and settlement.    This was the equitable mode of relief.    Pomeroy's Eq. Jur. Section 871.    Where fraud is alleged and shown, the whole account may be reopened; but where errors only are alleged and specifically pointed out, the account as stated on the settlement will not be set aside.    But the party alleging error will be allowed to show the same; but this burden is on him.    Daniel Ch. Pl. & Pr., star p. 668.    This was substantially held in *Worth* v. *Stewart*, 122 N. C., 258, and *Jordan* v. *Farthing*, 117 N. C., 181, although these cases do not fall directly within the doctrine of surcharging and falsifying a settled account.

This action seems to have been brought under a clear conception of what was the equity practice in cases of this kind.    The errors complained of are specifically stated in plaintiff's complaint, which entitles them to an order of reference that they may show the errors complained of, so as to correct the account and settle-

ment under the directions of the Court, but not to have the settlement set aside.

There was no error in the Court's making an order of reference, as pointed out in this opinion.

Affirmed.