RICHARD BRINKLEY v. ADDIE R. KNIGHT AND RICHMOND
CEDAR WORKS.

(Filed 10 September, 1913.)

1. Malicious Prosecution—Criminal Law—Termination of Action.

Before an action for malicious prosecution can be instituted, it is necessary that the proceedings upon which it is based should have been properly terminated.

2. Same—Subsequent Proceedings.

Where the justice of the peace, before whom a criminal action was ordered removed, did not appear to hear and determine it at the time stated, and the constable announced, at the defendant's instance, that the defendant would be released unless some one desired to further prosecute, and then the defendant was accordingly released, it is not such a termination of the criminal action upon which an action for malicious prosecution will lie, it further appearing that thereafter the defendant in that action moved, upon notice, that the prosecutor therein be taxed with costs, and from judgment rendered the prosecutor, the defendant in the present action, appealed to the Superior Court, resulting in the action being remanded to the magistrate's court to be proceeded with, where it subsequently terminated.

---

BRINKLEY *v.* KNIGHT.

---

APPEAL by defendant from *Long, J.,* at January Special Term, 1913, of GATES.

Civil action. The action, instituted on 7 February, 1911, against both defendants, was for malicious prosecution, and on averment duly made that Addie R. Knight had wrongfully sued out justice's criminal warrant and caused arrest of plaintiff for entering on the lands of said Addie R. Knight, after being forbidden, and that the other defendant had instigated and abetted said prosecution. Nonsuit having been taken as to defendant Knight, the cause was tried on issues as to liability of the other defendant, and the following verdict rendered:

1. Did the defendant cause the wrongful prosecution of the plaintiff, or assist in same, as alleged? Answer: Yes.

2. If so, was such arrest and prosecution without probable cause? Answer: Yes.

3. Was such arrest and prosecution malicious? Answer: Yes.

4. Was such arrest and prosecution terminated at the time this action was commenced? Answer: Yes.

5. What damage, if any, is plaintiff entitled to recover? Answer: $225.

Judgment on verdict for plaintiff, and defendant excepted and appealed.

*Bond & Bond and Smith & Banks for plaintiff.*
*Winston & Biggs, Ward & Thompson, Ward & Grimes, and Charles Whedbee, for defendant.*

HOKE, J. It is the well established position that, before an action for malicious prosecution can be instituted, it is necessary that the proceedings upon which it is based should have been properly terminated. *Wilkinson v. Wilkinson,* 159 N. C., 266; *Stanford v. Grocery Co.,* 143 N. C., 419; *Welch v. Cheek,* 125 N. C., 353; *Hatch v. Cohen,* 84 N. C., 602; *Rice v. Ponder,* 29 N. C., 390; *Murray v. Lackey,* 6 N. C., 368.

After giving the case most careful consideration, we are of opinion that the facts in evidence as they are now presented do not bring the plaintiff's cause within the principle. From

these facts it appears that, in January, 1911, Mrs. Addie R. Knight, on affidavit, procured from a justice of the peace, G. C. Hobbs, a criminal warrant, charging present plaintiff, Richard Brinkley, with entering on her land after being forbidden, etc.; that said warrant was duly returned the following day before said justice, when, on affidavit of said Brinkley, the cause was removed before another justice, C. M. Manning, to be heard a few days later, at the same place. At said date and place the parties were duly present with their witnesses, and the justice having failed to appear, the constable, at the instance of counsel for Brinkley, made the announcement that, "if any one desired to prosecute Brinkley, they must do so or he would be released," and said constable then and there told Brinkley he was released. The present action was then commenced, as stated, on 7 February, 1911.

"On 11th of March, Richard Brinkley moved in said original cause and served a notice upon Addie R. Knight that on 15 March, 1911, he would move the court to tax the cost in that action, and that the defendant be formally discharged. On 15 March, 1911, the justice of the peace, Manning, heard the motion and discharged the said Brinkley and taxed the cost against the defendant Addie R. Knight. Said Addie R. Knight appealed from said judgment, and the same was heard at the Spring Term, 1911, of Gates Superior Court, which was some time in April. At said term the cause was remanded to the justice of the peace, with the direction that he forthwith proceed to try the case or otherwise dispose of it. Subsequent to said time the said Manning, J. P., at the request of the said Addie R. Knight, taxed her with the cost of the action."

It is thus shown that the criminal prosecution on which the present action is predicated had not been terminated on 7 February, 1911, the date of commencement of this suit, but was recognized by the parties as existent at least two months after that date, and was so declared by the Superior Court, to which the cause had been carried by appeal of the prosecutrix on the question of costs. It is true that, in several of our decisions, notably in *Rice v. Ponder* and *Murray v. Lackey, supra,* it was

held that when a defendant in a criminal prosecution had given bond to appear before the Superior Court and answer the charge and has so appeared and attended throughout the term, no further order or action having been taken in the cause, that such prosecution may be considered as terminated within the meaning of the rule; but they were cases returnable to Superior Court, having stated terms and in which the defendants had met every requirement of their bonds and there was no longer any suit or process against them. But here was an action, as stated, of which the justice's court had final jurisdiction, in which the affidavit and warrant and order of removal before another justice were equivalent to an indictment pending, and, unless ended by order of the justice's court or some unequivocal act of the prosecutor or by lapse of time, it should not be considered as terminated. This was evidently the view taken by plaintiff and his counsel, for, in their notice given in March, 1911, more than a month after action instituted, they notified the prosecutrix that they would move on 15 March, before the justice, to have the costs taxed against her and that the defendant therein be formally discharged; and, after appeal and order of Superior Court, remanding the cause, the present plaintiff was formally discharged from further prosecution of the criminal case. We are of opinion that, on the record, there was error in refusing the defendant's motion to nonsuit, and the same will be allowed.

Error.