W. R. McAULEY v. E. G. SLOAN.

(Filed 7 March, 1917.)

1. Plea in Bar—Accord and Satisfaction—Statutes—Issues—Court's Discretion.

Where, among other defenses to an action, the defendant pleads accord and satisfaction, Revisal, 859, the discretionary power of the trial judge in submitting this issue to the jury before submitting the other issues upon the merits will not be reversed on appeal.

## 2. Accord and Satisfaction—Tender—Court Costs.

Where a plea in accord and satisfaction, Revisal, sec. 859, has been made in bar to an action that defendant had paid an agreed amount and costs into the clerk's office, the fact that a witness ticket of a small amount, which the plaintiff had refused to receive, was not taxed in the costs, will not affect the validity of the tender.

ALLEN. J., concurring.

APPEAL by plaintiff from *Bond, J.,* at January (Special) Term, 1917, of LEE.

*Williams & Williams for plaintiff.*
*Edwin L. Gavin for defendant.*

CLARK, C. J. While the motion was pending to set aside the verdict (it having been agreed that the court should take the papers and render his decision out of the county), the plaintiff and defendant compromised the case, as is found by the jury, the defendant to pay $55 and costs. The judge thereafter set aside the verdict. The defendant paid the $55 and bill of costs, as taxed by the clerk, into court. The plaintiff declined to accept.

The only question presented is as to the action of the court in submitting an issue upon the plea in bar of accord and satisfaction under Revisal, 859, and reserving the other issues until such plea in bar was passed upon by the jury. In so doing we think the judge acted within his powers. In *Jones v. Beaman,* 117 N. C., 261, the Court held that where there is a plea in bar, such as release, accord and satisfaction, and the like, the plea in bar should be passed upon first to avoid what might prove an expensive and useless trial on the merits, with loss of time to witnesses.

There are cases where the judge, in the exercise of a wise discretion, should try a plea in bar, as the statute of limitations, or other pleas in bar, along with the issues on the merits of the controversy, so as to avoid two trials going over essentially the same ground. But when, as in this case, the plea in bar is of a settlement in full, under the circumstances of this case it is a matter totally distinct from and unconnected with the issues on the merits, and it is a saving of time and expense to have such plea disposed of before a trial on the merits, since in the case of an affirmative finding in regard to the settlement it will become unnecessary to try the controversy upon the issues presented in the original pleadings. Indeed, the general rule is to dispose of the plea in bar, whether it is an issue of law or of fact, before proceeding further. *Comrs. v. White,* 123 N. C., 534.

This is a matter which will depend very much upon the circumstances of each particular case, and in the absence of an abuse of such

discretion this Court will not disturb the action of the judge. In this case, in view of the finding of the jury that the full settlement was made, it is very clear that it would have been a needless consumption of time to have tried the issues upon the merits of the cause, for such matters became irrelevant and unnecessary for decision after the settlement between parties.

The defendant testified that he had paid into court the entire amount, $55 and the cost of the action, as agreed upon, and had been ready, willing, and able at all times to pay the same, and that the plaintiff had wrongfully refused to accept the same. Judge Bond told the jury that the defendant Sloan "introduced a letter of certain date and a receipt, which they contend the evidence shows was signed by Miss Campbell, the office deputy or clerk of Mr. Campbell" (printed record, p. 44). The clerk of the court testified, also, that the money had been paid in, and the jury so found.

On examination of the exceptions we are unable to find any error. The controversy was one of fact, and the jury has found the same, upon competent testimony, in favor of the defendant. There seems to have been a small amount due for witness ticket to plaintiff of $1.16 which was not taxed in the bill of costs when the defendant paid into the clerk's office the amount due by the compromise and the costs. The plaintiff refused to receive his witness ticket for that amount, and this is not a sufficient basis for a claim that the compromise was not affected by a compliance with its terms. Having refused, he cannot take advantage of a lack of tender. *Smith v. B. and L. Assn.,* 119 N. C., 257.

Judgment was properly entered on the verdict that the $55 in the clerk's office, without interest, should be paid to plaintiff; that the cost up to the compromise should be paid by the defendant, and the cost of the last trial should be paid by the plaintiff.

No error.

ALLEN, J., concurring: I concur in the opinion of the Court, except in the statement of fact that Miss Campbell signed the letter and receipt, and this is not material to the decision, and is referred to in order that it may not hereafter be cited as a precedent upon the right of a woman to hold the office of deputy clerk.

Miss Campbell did not sign the letter or the receipt, nor does it appear that she was deputy clerk, as is manifest from the evidence of K. R. Hoyle, who testified as follows: "The signature to the paper shown me—a letter—is the handwriting of T. N. Campbell, clerk of the court. The other paper, a receipt for $5, part of this is in the handwriting of Miss Tannie Campbell, who is Mr. Campbell's office deputy.

It is signed T. N. Campbell, but it is in her handwriting. The other paper is a receipt for $63, in the handwriting of the same lady."

She was simply an employee in the office, who wrote the letter and receipt for the clerk to sign.