MURCHISON NATIONAL BANK v. T. C. EVANS ET AL.

(Filed 7 April, 1926.)

**1. Actions—Pleas in Bar.**

A good plea in bar of an action is one that goes to its entire merits, and one that is finally determinative of the cause alleged, if sustained. Instances of good pleas in bar stated by *Brogden, J.*

**2. Same—Reference—Statutes—Appeal and Error.**

Objection that the order of reference of the trial court was erroneously entered to a plea in bar will not be sustained on appeal, when it appears

BANK *v.* EVANS.

that the compulsory reference complained of involved the stating of a long and complicated account between the parties litigant authorized by statute and necessary to a final disposition of the case. C. S., 573.

**3. Same—Banks and Banking—Bills and Notes—Negotiable Instruments —Collaterals—Payment.**

Where defendants are endorsers of notes, with collateral given to a bank by the maker, who also has a number of other notes given to the bank with a mass of other collaterals subject by agreement to the payment of the note in question, a plea that the bank should have or had collected sufficiently from these collaterals to have paid off the note sued on, and that the trial should have proceeded without the peremptory order of reference, is not a good plea in bar.

**4. Reference—Statutes—Liberal Interpretation.**

Our statute allowing a compulsory reference by order of the trial judge should be liberally construed, to expedite the trial of causes and to promote substantial justice between the parties litigant. C. S., 573.

CIVIL ACTION, before *Daniels, J.,* December Term, 1925, of NEW HANOVER.

On 16 September, 1924, the Bank of Maxton executed and delivered to the plaintiff two promissory notes aggregating $15,000, payable on demand. Prior to the delivery of said notes they were duly endorsed by the defendants. At the time of the delivery of said notes the Bank of Maxton was indebted to the plaintiff upon certain other notes in a sum in excess of $150,000, said indebtedness being secured by certain bills and notes receivable which had been executed and delivered to the Bank of Maxton and hypothecated by said bank with the plaintiff as collateral security for the payment of money borrowed by said bank from the plaintiff. At the time of delivery to the plaintiff of the notes endorsed by the defendants there was an understanding between the parties that if said Bank of Maxton had any equity in the bills, notes and other collateral, which had been pledged by it to the plaintiff for the payment of the $150,000 indebtedness, then such equity should be considered as security for the payment of the notes endorsed by defendants.

On 3 October, 1924, the Bank of Maxton executed and delivered to the plaintiff its promissory note for $10,000, which said note was duly endorsed by the defendants before delivery to the plaintiff. As security for the payment of said note the Bank of Maxton hypothecated with the plaintiff fifty-two notes of various parties, ranging from $75.00 to $700. The plaintiff alleged that there was a credit of $1,892.52 derived from collections made by it on the collateral specified and that all the collateral had been exhausted, and, as the notes were long past due, plaintiff demanded judgment against the defendants, and further, that the securities held by plaintiff for the payment of the said note should be sold by a commissioner for the purpose of applying the proceeds to the liquidation of said note.

The defendants admitted the endorsement of said notes, alleging that their said endorsement was for the accommodation of the Bank of Maxton, and that their liability, if any, thereon, was contingent, and further, that such collections as may have been made on the evidences of debt were not correctly stated in plaintiff's complaint, and that, as they are advised, informed and believe, much more money has been collected and much more money should be credited to the Bank of Maxton, which would relieve the liability of defendants accordingly, than is set out in the complaint; and these defendants ask that plaintiff be required to make a full statement showing all collections made, not only on the evidence of debt set out in the complaint but from all securities held by it at the time when a receiver was appointed for the Bank of Maxton, and through and by whom such collections were made, together with the cost and expense thereof. The defendant further alleged that the security in addition to that listed in the complaint was greatly in excess of the note set out in the complaint and that the plaintiff has other property of value upon which considerable sums can be realized. The defendant further alleged "that as defendants are advised and believe, the said account should be revised and corrected, and the plaintiff should be required by the court to submit a full statement in detail of all such charges, not only for the benefit of these creditors, but also for the benefit of other creditors of the Bank of Maxton."

The defendants in their answer, while admitting the endorsement of the notes, allege in substance, that their liability is contingent for the reason that sufficient security was pledged by the Bank of Maxton with the plaintiff to pay said notes under the agreement and therefore relieve the defendants of liability on said endorsement. And there are further allegations in the answer of waste and mismanagement on the part of plaintiff in handling said securities, the various aspects of the contention being contained in the forty-two allegations of the answer.

After the pleadings were read, Daniels, J., being of the opinion that the cause involved the taking of a long and complicated account, referred the case to D. H. Bland with direction to take the testimony and find the facts upon all issues of fact raised by the pleadings and to report his findings with his conclusions of law arising thereon to the next term of court.

From the order of reference the defendants excepted and appealed.

*Rountree & Carr, Varser, Lawrence, Proctor & McIntyre for plaintiff.
Henry A. McKinnon and J. G. McCormick for defendants.*

BROGDEN, J. The defendants base their appeal upon the sole proposition that the answer filed by them constitutes a plea in bar, and therefore the trial judge had no authority to order a compulsory reference under

C. S., 573, subsec. 1, until the merits of the plea in bar had first been determined. The rule of law invoked by the defendants, is declared as follows in *Duckworth v. Duckworth,* 144 N. C., 620: "It has been established with us that no order of reference to take and state an account should be made when there is a plea in bar of account which goes to the entire demand until said plea has been first considered and determined."

What then is a plea in bar? The word "bar" has a peculiar and appropriate meaning in law. In a legal sense it is a plea or peremptory exception of a defendant, sufficient to destroy the plaintiff's action, a special plea constituting a sufficient answer to an action at law, and so called because it barred—i. e., prevented—the plaintiff from further prosecuting it with effect, and, if established by proof, defeated and destroyed the action altogether. *Wilson v. Knox County,* 34 S. W., 45.

Black's Law Dictionary defines a plea in bar as follows: "A plea which goes to bar the plaintiff's action; that is to defeat it absolutely and entirely." It has been further defined as "any plea that denies the plaintiff's right to bring and maintain his action." *Jones v. Beaman,* 117 N. C., 261.

In North Carolina the following pleas have been held to be pleas in bar: (1) Statute of Limitations. *Oldham v. Rieger,* 145 N. C., 254. (2) Account stated. *Kerr v. Hicks,* 129 N. C., 141; 131 N. C., 90; *Jones v. Wooten,* 137 N. C., 421. (3) Failure to comply with the provisions of a contract which are conditions precedent to liability. *Bank v. Fidelity Co.,* 126 N. C., 320. (4) Plea of sole seizin by reason of adverse possession of twenty years against a tenant in common. But plea of sole seizin which by its very terms involves an accounting, is not a good plea. *Duckworth v. Duckworth,* 144 N. C., 620. (5) Release. *McAuley v. Sloan,* 173 N. C., 80. (6) Accord and satisfaction. *McAuley v. Sloan,* 173 N. C., 80. (7) Estoppel by judgment. *Jones v. Beaman,* 117 N. C., 259.

The latest utterance by the court on this question is contained in the comprehensive and pointed opinion of *Connor, J.,* in *Lumber Co. v. Pemberton,* 188 N. C., 532, and the sound reasoning of that opinion is conclusive of the merits of this controversy.

The record discloses that the answer of the defendant does not constitute a plea in bar or such a plea as would deny the plaintiff's right to bring and maintain his action; but, upon the other hand, when liberally construed, the liability of defendants was contingent upon a proper collection and application of a mass of collateral securities. This, in itself, and by its essential nature, "requires the examination of a long account on either side" and thus comes within the principle prescribed by C. S., 573, subsec. 1. Therefore, the judgment as rendered is correct and must abide.

It is generally agreed that the civil issue dockets of the State are greatly congested by reason of the overwhelming increase in business incident to the progress and expansion of commercial and industrial activities, and for this reason it is, perhaps, not amiss to be reminded of the practical wisdom contained in an utterance by *Faircloth, C. J.,* in *Jones v. Beaman,* 117 N. C., 259 : "Our statutes relating to trials by referees serve a useful purpose, and must be liberally construed. They aid and simplify the work which would otherwise fall upon the court and jury, and often expedite the litigation and save the parties from trouble and expensive trials, and are a saving in time to witnesses and attorneys."

Affirmed.