**Arthur Rogers IVEY, as Executor of the Estate of Harry E. Berger, deceased, Plaintiff,**

v.

**Sadiye W. T. DAUS, Defendant.**

United States District Court,
S. D. New York.

Feb. 7, 1955.

---

Robert E. Nickerson, and Smith, Sargent, Doman & Grant, New York City, for plaintiff.

Harry Krauss, New York City, for defendant.

DIMOCK, District Judge.

Plaintiff, Arthur Rogers Ivey, as Executor of the Estate of Harry E. Berger, deceased, filed his complaint on December 15, 1953 claiming $10,000 plus interest, alleged to be due and payable on a loan from plaintiff's testator to defendant.

After the expiration of an extension of the time in which to answer, defendant had still not filed her answer and plain-

tiff moved for default judgment. Defendant cross moved for leave to counterclaim against plaintiff. Decision was held in abeyance by the court pending the taking and submission of depositions of the parties. Plaintiff took the depositions of defendant and her son, Osman Bayazid, and filed them on September 30, 1954. On October 25, 1954 Judge Dawson rendered his decision on the above-mentioned motions; he denied plaintiff's application for entry of a default judgment against defendant and granted defendant's motion for leave to file the counterclaim. Judge Dawson expressed misgivings, based on defendant's actions and the testimony on the depositions, as to whether there was any reason, other than that of delaying plaintiff's conclusion of the administration of the estate, for defendant's desire to open the default and interpose the counterclaim.

On November 1, 1954 defendant served her answer and counterclaim. In her counterclaim she alleged that plaintiff had converted certain furniture of hers and she claimed damages in the amount of $75,000.

Plaintiff's reply to defendant's counterclaim sets up two further claims against defendant, designating them counterclaims to defendant's counterclaim.

The first of these claims alleges that plaintiff's testator acquired from defendant a leasehold of certain premises with a covenant of quiet enjoyment; that he paid defendant the total rental for this leasehold, $21,000, in advance and prior to September 12, 1953; that he assumed possession of the premises; that the leasehold was for seven years, expiring on or about March 7, 1958; that because defendant allowed the premises to be sold at a mortgage foreclosure sale, plaintiff was forced to yield possession of the premises on September 12, 1953 and that, as a result, plaintiff has been damaged in the amount of $13,800 unearned advance rental payments, and $3,-000 out-of-pocket expenses incurred by plaintiff in connection with his dispossession.

The second of these claims alleges that defendant's counterclaim is being prosecuted without probable cause and with malicious intent; that plaintiff will be forced to expend sums of money in his defense to the counterclaim and will be delayed in closing the estate of Harry E. Berger and, as a result, that he has been damaged in the amount of $5,000.

Now defendant moves for an order striking out plaintiff's counterclaim based on defendant's alleged breach of her covenant of quiet enjoyment upon the ground that counterclaims are not a proper subject of a reply, and striking out and dismissing plaintiff's counterclaim based upon defendant's alleged malicious prosecution of plaintiff upon the grounds that counterclaims are not a proper subject of a reply and that this claim fails to allege facts "sufficient to constitute a cause of action".

Plaintiff, in addition to opposing defendant's motion, cross moves for an order directing defendant to furnish security for costs, for leave to amend his complaint so as to incorporate in it the allegations of his counterclaims to defendant's counterclaim and for leave to serve a third party complaint upon defendant's son Osman Bayazid.

Counterclaims are perfectly proper subjects of a reply. Maison de Marchands, etc., v. New York Silicate B. S. Co., D.C.S.D.N.Y., 13 F.R.D. 15. While I granted plaintiff leave on the oral argument to incorporate in his complaint the claims based on the covenant of quiet enjoyment it is unnecessary that he take advantage of that leave. Defendant's motion, insofar as it seeks to strike plaintiff's counterclaims because they are contained in the reply, is denied. It is thus unnecessary to consider plaintiff's cross motion insofar as it seeks leave to amend the complaint so as to include therein the allegations of plaintiff's counterclaims.

I must now consider whether the allegations of plaintiff's claim for malicious prosecution fail to constitute a cause of action, or in the language of Rule 12(b), Fed.Rules Civ.Proc. 28 U.S.C.A. fail "to state a claim upon which relief can be granted." This counterclaim alleges that defendant's counterclaim, contained in her answer, is prosecuted maliciously and without probable cause and that defense to her counterclaim will be costly and will prevent the conclusion, by plaintiff, of administration of the estate of which he is executor, to his damage in the sum of $5,000.

Defendant argues, in substance, that even assuming that her counterclaim is brought maliciously and without probable cause it cannot give rise to an action for malicious prosecution.

An ordinary civil action where the person or property of a defendant is not interfered with, as by injunction, attachment, arrest or some other provisional remedy, cannot give rise to a right of recovery for malicious prosecution notwithstanding such action may have been brought by the plaintiff maliciously and without probable cause, and may have resulted in damage to the defendant in excess of costs recoverable by the defendant. Paul v. Fargo, 84 App. Div. 9, 82 N.Y.S. 369. It has been held that the institution of involuntary proceedings in bankruptcy is an interference with the property of the alleged bankrupt that may give rise to an action for malicious prosecution. Sachs v. Weinstein, 208 App.Div. 360, 203 N.Y. S. 449. Plaintiff argues, by analogy with the Sachs case, that the institution of any civil action against the executor of a will, as executor, is such an interference with the property of the estate with whose administration he is charged that it may give rise to an action for malicious prosecution. Plaintiff's idea is that the pendency of litigation against the estate "ties up the property of the estate" by delaying distribution.

Plaintiff does not contend that defendant's counterclaim could give rise to an action for malicious prosecution if brought against an individual and, indeed, upon the authority of Paul v. Fargo, supra, it could not. I cannot agree that the mere fact that the counterclaim is brought against plaintiff as executor of a will warrants any different result. The institution of an ordinary civil action against an executor does not work any such injury as the institution of an involuntary proceeding in bankruptcy. While the institution of an involuntary bankruptcy proceeding has the same effect upon the property of the alleged bankrupt as an attachment or injunction would have, see, Mueller v. Nugent, 184 U.S. 1, 14, 22 S.Ct. 269, 46 L.Ed. 405, the institution of an ordinary civil action against an executor merely delays distribution of the estate. The estate is as free to go about its business as is any individual who is the defendant in an ordinary civil action.

Of course failure to recognize that delay in distribution caused by litigation against an estate constitutes substantial prejudice would be naive, yet the root of that prejudice lies in the delay in concluding the litigation. There would be no basis for the claim of malicious prosecution here if justice were instantaneous. Mankind has been engaged in a struggle to attain that ideal from the beginning of organized society. That struggle will not be made more effective by assuming that delay and the prejudice therefrom are inevitable and by creating a right of action to recover damages for the delay when maliciously caused. That defeatist attitude should be avoided and, without admitting that our struggle for a general elimination of the evil is hopeless, we can avoid injustices in particular cases such as the one plaintiff says faces him. That is the purpose of Rule 11(e) of the Calendar Rules of this court which gives a calendar preference to "Causes which in the judgment of the calendar

judge are entitled to a preference for exceptional and meritorious reasons."

Plaintiff has cited no cases which directly support his view. I have been able to find only one case which comes close to dealing with the subject and that case holds that no action lies for the malicious filing of a caveat to a will. Wegefarth v. Wiessner, 134 Md. 555, 107 A. 364, 6 A.L.R. 396. I do not think that it would be proper for me to extend the law so as to allow recovery merely because an action is prosecuted with the malicious purpose of delaying the distribution of an estate.

■ A further, and independently sufficient, ground for dismissing plaintiff's counterclaim for malicious prosecution is the fact that it is asserted prior to termination of the claim which plaintiff says is being maliciously prosecuted against him.

■ A complaint for malicious prosecution which fails to allege successful termination of the action alleged to have been maliciously prosecuted is insufficient. Smith v. Smith, 26 Hun 573; Lyons v. Scriber, Sup., 174 N.Y.S. 332. See also, Hauser v. Bartow, 273 N.Y. 370, 7 N.E.2d 268; Fay v. O'Neill, 36 N. Y. 1; Marion Steel Co., Inc., v. Alderton Dock Yards, Ltd., 223 App.Div. 741, 227 N.Y.S. 678; Whitworth v. Hall, 2 B. & Ad. 697. Since plaintiff cannot possibly allege such termination at this stage of the proceedings, it follows that plaintiff's counterclaim for malicious prosecution cannot possibly state a claim upon which relief can be granted. Alexander v. Petty, Del.Ch., 108 A.2d 575. See also, Fender v. Ramsey, 131 Ga. 440, 62 S.E. 527; Kenner v. Cousin, 163 La. 624, 112 So. 508; Manufacturers and Jobbers Finance Corp. v. Lane, 221 N.C. 189, 19 S.E.2d 849; Forke v. Hom-ann, 14 Tex.Civ.App. 670, 39 S.W. 210. See, contra, Herendeen v. Ley Realty Co., Sup., 75 N.Y.S.2d 836.

Defendant's motion for dismissal of plaintiff's claim based upon malicious prosecution, designated Plaintiff's Third Claim and Counterclaim to Defendant's Counterclaim, is therefore granted.

■ While I cannot say that I believe that defendant's counterclaim has a strong chance of success, I have only plaintiff's word that defendant is merely seeking to harass the estate of which plaintiff is Executor. In the absence of a really compelling showing that defendant's purpose is only to harass, the mere fact, if it is a fact, that defendant will be unable to pay the taxable costs, should they be taxed against her, is not sufficient reason for granting plaintiff's cross motion for an order directing defendant to produce security for costs.

Plaintiff's cross motion, insofar as it is for an order directing defendant to furnish security for costs, is denied.

■ There remains for consideration plaintiff's cross motion for leave to serve a third-party complaint upon defendant's son, Osman Bayazid. Plaintiff has not set forth in his motion a copy of the summons and complaint which he requests permission to serve. Form 22, F. R.C.P., indicates that it was the intention of the framers of the Rules that a motion to bring in a third-party defendant should include a copy of the summons and third-party complaint. Moreover, I do not think that I can fairly pass upon plaintiff's motion under Rule 14, F.R. C.P., without knowing the contents of the proposed third-party complaint.

Plaintiff's cross motion, insofar as it is for leave to serve a third-party complaint upon Osman Bayazid, is denied without prejudice to renewal.