MRS. MARTHA E. LAUGHTER AND MRS. FRANCES SPROUSE, PETITIONERS, v. NORTH CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMISSION, RESPONDENT.

(Filed 4 November, 1953.)

**1. Eminent Domain § 22—**

A release and accord and satisfaction executed by the owner of land to the Highway Commission for the taking of land for highway purposes and for damages to contiguous lands, is a good plea in bar of a subsequent proceeding by the owner to recover compensation for such taking.

**2. Same—**

　　Where, after pleading a release and accord and satisfaction executed by the owner of land in bar of the owner's proceeding to recover compensation for the taking of land for highway purposes, the Highway Commission participates without objection in proceedings in which commissioners of appraisal are appointed, and does not object or except to the order appointing the commissioners until after report has been filed, it waives its plea in bar, leaving for determination only the question of the amount of compensation to be paid.

APPEAL by respondent from *Phillips, J.,* at June Term 1953, of BUNCOMBE.

Special proceeding by owners to recover compensation for land actually taken for highway purposes, and for damage to remaining land of owner by reason of the construction of the highway. G.S. 136-19 and G.S. 40-12, *et seq.*

The record proper on this appeal shows the following:

1. The petitioner, Mrs. Martha E. Laughter, instituted this special proceeding against respondent under provisions of statutes above cited, and filed petition before Clerk of Superior Court of Buncombe County to recover compensation (1) for the taking of certain portions of her land for a right of way for a public highway, and (2) for damage to the remaining portion of her land and premises by reason of the taking, and of the construction of the highway. It is alleged in the petition that the land of petitioner comprises her homeplace designated as lot No. 5 in Block 3 of the Arlington Heights property in West Asheville, plat of which is duly registered; that the lot is located between Westwood Place, a paved street, 24 feet in width, extending from Haywood Road to Murphy's Junction on the Southern Railway, and Midland Avenue, an unpaved street; that the residence is located on a "little knoll" five or six feet above the street, Westwood Place, and is a five-room house with bath, porches, and modern conveniences, such as electric lights, running water and sewer; that the premises had been beautified by landscaping and planting; that there was also on the back of the lot a vineyard, a cow stable, a chicken house, and a large garage; that the right of way for approach to a high level bridge, across French Broad River, cut through the northwest corner of petitioner's lot; that the approach when constructed left an embankment approximately 40 to 50 feet in height, extending all the way from the west end of the bridge to petitioner's property and on west for considerable distance, across the street, Westwood Place, making it a dead end a few feet from petitioner's north line, and then on across Midland Avenue, thereby cutting off "petitioner's property from all means of locomotion to the north" either by Westwood Place or Midland Avenue, without any access to the new highway; and that by

reason thereof petitioner has been damaged in sum of $8,000, and is entitled to have a jury appointed, as provided by law, to assess the damages, accruing to petitioner by reason thereof. (2) Summons, in due form, was issued on 15 September, 1950, and served on respondent 19 September, 1950, and it filed answer on 24 November, 1950. In the answer the taking of a small portion of petitioner's lot within the right of way for the highway, and of a small addition where the cut slopes exceeded the regular right of way, is admitted. However, it is denied that petitioner is the sole owner of the land,—suggesting that Frances Strauss has a mortgage on the land, and should be made a party to this proceeding. Other material allegations, in the main, are denied. And for further defense, and as a bar to recovery in this proceeding, it is averred (1) that prior to the construction of the project respondent negotiated for and obtained from petitioner an option to purchase the right of way for highway purposes "over, upon and across" her land, for the price of $25.00, which option was exercised and the purchase price paid by respondent, and release of claim for right of way and damage was executed to it by petitioner on 16 August, 1948; and (2) that, during the construction of the project, it being ascertained that the construction limits would exceed the limits of the right of way, respondent negotiated for and obtained from petitioner on 9 November 1948, a supplementary right of way agreement covering such excess for the consideration of $100, which amount was tendered to petitioner on 7 December, 1948, and refused by her.

3. The petitioner, in reply filed 9 December, 1950, to the further answer and defense of respondent, alleges in summary that she was induced to sign the option for the right of way and to receive the payment of $25.00 because of false and fraudulent statements made to her by agent representing respondent all in manner specifically set forth; and that, in like manner, she was induced to sign the paper in respect to the supplementary right of way. And, hence, petitioner alleges that the options and release are void,—and she reiterates her prayer for judgment as set forth in her original complaint.

4. Record of subsequent procedural matters in this proceeding are referred to and set forth in sufficient detail in order and findings of fact by Phillips, J., at pre-trial conference, 3 June, 1953, after the proceeding had reached the Superior Court on appeal by petitioner and respondent from judgment of Clerk of Superior Court confirming report of commissioners, and need not here be recited.

5. The order of Phillips, J., reads as follows:

"The above entitled matter coming on to be heard before the undersigned Judge holding the courts of the Nineteenth Judicial District at a pre-trial conference thereof, at which time counsel for petitioner and counsel for the respondent were present and participated, and after fully

hearing the same and considering all of the pleadings, allegations, orders and judgment of the Clerk of the Superior Court, and other matters concerning the same, the court finds the following facts and enters the following pre-trial order:

"1. The petitioner presents to the court an application of one Frances Sprouse to be made party plaintiff to said action, and being the same person referred to in paragraph 3 of the respondent's answer as Frances Strauss, as the mortgagee of said lands, and thereupon the court entered an order making said Frances Sprouse a party and she formally adopted the pleadings of the petitioner as her pleadings in said cause.

"2. The petitioners thereupon presented to the court in writing a written plea of Waiver and Estoppel, dated June 1, 1953, which the court, in its discretion, permits petitioners to file and the original of which is on file among the papers in this cause; that in effect the petitioners contend by said Plea of Waiver and Estoppel that the only matter to be determined in this case in this court is the exceptions filed by both petitioner and respondent of the amount of damages awarded by the Commissioners in their report and that all of the other matters contained in said pleadings have been waived by the respondent since the filing of the original pleadings in said case; that thereupon the court heard said matter by conferring with counsel for petitioners and respondent and a thorough examination of the papers and documents filed in said cause and in regard thereto the court finds the following facts: (a) That this proceeding was instituted in the Superior Court before the Clerk on September 15, 1950, and the respondent answered the same November 24, 1950, and the petitioner filed a reply to the further answer and defense of the respondent on December 9, 1950; that counsel for petitioner gave a written notice to counsel for respondent and delivered a copy thereof to local counsel for respondent that he would, on Saturday, June 16, 1951, at 10 o'clock A.M., request the Clerk of the Superior Court to enter an order appointing commissioners of appraisal in said matter and notified them to be present at said time and place; that pursuant to said notice, counsel for petitioner and local counsel for respondent did meet with the Clerk of the Superior Court, at which time counsel for petitioner presented to the court an order appointing commissioners of appraisal in which the names of the commissioners were left blank for the Clerk to enter, and then local counsel for respondent and counsel for petitioner discussed with the Clerk and agreed to the appointment of the commissioners named in said order of appointment, and thereupon the Clerk of the Superior Court wrote in the names of said commissioners and signed the order and judgment appointing the commissioners dated June 16, 1951.

"(b) That the Clerk of the Superior Court in his judgment entered in said cause, dated July 6, 1951, finds the following facts: 'the Clerk there-

upon proceeded to confer with counsel for petitioner and respondent with respect to the appointment of Commissioners to assess damages and benefits to the petitioner on account of the appropriation or taking of said lands; and'

" 'The said petitioner and respondent having agreed to the appointment of H. B. Posey, E. B. Roberts and W. S. Harrison, Commissioners, to act as jurors to assess damages and benefits in this cause, . . .' "

"(c) That the original order of the Clerk of the Superior Court appointing the commissioners of appraisal, dated June 16, 1951, does not contain thereon any objections or exceptions thereto; that the commissioners appointed therein were duly sworn in on the 21st day of June, 1951, and in writing, signed by each of said commissioners, made their report of appraisal on the 21st day of June, 1951.

"(d) That the respondent, through its counsel, prepared written exceptions to the report of said commissioners, and said written exceptions were contained in a folder of the State Highway and Public Works Commission and signed by the chief counsel of said Highway Commission, and dated June 26, 1951, and also bears the signature of said local counsel of said respondent, and was actually filed in the office of the Clerk of the Superior Court of Buncombe County on June 28, 1951, and in which in addition to exceptions of report of appraisal, respondent undertook to object and except to the appointment of the commissioners; that this written paper of said date does not, and could not, constitute an exception and objection to the order appointing commissioners to which counsel for the respondent had previously consented and made no objection until after the commissioners were sworn in, visited the premises, and made the appraisal and filed their report.

"(e) That the paper writing, dated June 26, 1951, and filed in the Clerk's office of Buncombe County on June 28, 1951, constitutes and is an exception to the report of the commissioners and entitles the respondent to a hearing thereon before the jury as to the amount of damages, if any, that the petitioners are entitled to recover because of the taking of said property.

"3. That at the time of said pre-trial conference counsel for respondent presented in writing a request to the court to strike out the defense plea of the Statute of Limitations and this was allowed.

"4. The court heard the motion of the respondent to strike out portions of the petition and reply to respondent's answer and allowed some of the motion to strike and disallowed some, all of which was entered on the original pleadings by running a line through the parts stricken out.

"CONCLUSION. The court is of the opinion that because of the matters and things hereinbefore set forth that there is only one issue to be submitted to, and heard by, the jury and that issue is: What amount, if any,

the petitioners are entitled to recover from the respondent because of the injuries and damages and because of the taking of their property as alleged in the petition."

Appeal entries are these: "To the foregoing order and each and every one of the findings of fact and conclusions of law herein," the respondent objects; objection overruled—and exception. Exception No. 1.

"To the signing and entry of the foregoing order" the respondent objects; objection overruled, and exception. Exception No. 7.

And upon trial in Superior Court, both petitioners and respondent offered evidence relating to the issue as determined by the judge on such pre-trial conference, on which the case was submitted to the jury.

And respondent offered to introduce in evidence portions of the pleadings and documents pertaining to the pleas in bar set up in answer of respondent, and tendered issues in respect thereto, with request for peremptory instruction thereon, all of which, upon objection by petitioner, were excluded, and respondent excepted in each instance.

The jury answered the issue, submitted by the court, in the sum of $2,500.

Thereupon the court entered judgment in accordance therewith,—and defining the easement acquired over land of petitioner, and directing that copy of the judgment be certified, under seal of the court, to the Register of Deeds of Buncombe County and be by him recorded among the land records of said county.

Respondent excepts thereto, and appeals to Supreme Court and assigns error.

*Don C. Young for petitioners, appellees.*

*R. Brookes Peters, Kenneth Wooten, Jr., and Gudger, Elmore & Martin for respondent, appellant.*

WINBORNE, J. This is the pivotal question on this appeal: In the light of the pleadings, and of the orders shown in the record, and upon the facts found by the Judge, as set forth in the order of 3 June, 1951, entered pursuant to pre-trial conference, did the court correctly rule that only one issue as therein stated should be submitted to the jury? This Court holds in the affirmative.

Petitioner in her complaint seeks compensation in large amount for the taking of right of way, and for constructing a certain public highway across her property. In answer to this, respondent pleads release and accord and satisfaction in bar of petitioner's right to recover any further compensation. In this connection, release and accord and satisfaction, if established, are, in accordance with decisions of this Court, good pleas in bar. See among other cases: *Jones v. Beaman,* 117 N.C. 259, 23 S.E.

248; *McAuley v. Sloan,* 173 N.C. 80, 91 S.E. 701; *Bank v. Evans,* 191 N.C. 535, 132 S.E. 563. See also McIntosh's N. C. P. & P. in Civil Cases, Sec. 523, at page 564.

Such pleas, if established, would defeat the right of petitioner to maintain this proceeding, and to recover any further compensation. And respondent had the right to stand to, and abide by its pleas. But when respondent, without obtaining a ruling on its pleas in bar, elected to appear before the Clerk of Superior Court, upon notice, and to participate in, and to agree to the selection of commissioners to appraise the compensation to which petitioner is entitled, it waived the benefit of the pleas. From such act it is reasonable to assume after all that respondent had changed its mind,—not an unreasonable assumption in the light of the amount paid, and offered to be paid for the release and accord and satisfaction pleaded, on the one hand, and the amount of compensation to which the jury later found petitioner to be entitled, on the other. Indeed, it has been said, in reference to a plea in abatement, that it is waived, even after joinder of issue thereon, where defendant, without obtaining a ruling on the plea, appears to the merits of the action. 1 C.J.S. 272, Abatement and Revival, Sec. 211.

Careful consideration has been given to all points urged for error, and debated in brief of counsel for respondent, in respect to the findings of fact, and rulings of the Judge below as set forth in the pre-trial order of 3 June, 1951, and prejudicial error is not made to appear.

And, too, all assignments of error based upon exceptions taken in the course of the trial in Superior Court, as well as those based upon exceptions to the charge, have been duly considered, and in them prejudicial error is not revealed.

The case appears to have been fairly presented to the jury, and the jury has spoken. So be it!

No error.